**Annie GITTERMAN, Respondent,**

v.

**Andy E. DANELLA, doing business as ABC Exterminators, and Charles "Chuck" Taylor, Appellants.**

No. 48667.

Supreme Court of Missouri,

Division No. 1.

March 12, 1962.

Motion for Rehearing or to Transfer to Court en Banc Denied April 9, 1962.

Lucian Lane, John Murphy, Kansas City, for appellants; Tucker, Murphy, Wilson, Lane & Kelly, Kansas City, of counsel.

Arthur C. Popham, Kansas City, for respondent; Ira K. Witschner, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel.

COIL, Commissioner.

Annie Gitterman sought $100,000 as damages for alleged personal injuries sustained as a result of defendants' averred negligence in spraying a store to exterminate insects. The jury found for defendants. Plaintiff was awarded a new trial on the ground that the trial court erred in giving contributory negligence instruction 9. Defendants have appealed and contend the instruction properly submitted the question whether plaintiff was guilty of contributory negligence. Plaintiff contends the instruction was erroneous in form and that there was no evidence justifying the submission of the issue.

The only testimony in the transcript is that of plaintiff. There follows a summary of that testimony viewed from a standpoint favorable to defendants. Mrs. Gitterman owned a furniture store in Kansas City consisting of six separate in-line rooms separated by open archways. Several months prior to the incident in question, she had made arrangements with ABC Exterminators to periodically spray the store for the purpose of exterminating vermin and insects. At that time she specifically inquired whether the spraying would be dangerous to people in the store and was assured by the ABC representative that it would not. Subsequently, from time to time, she had noticed ABC employees spraying but she had not spent much time in the store during those periods and had not paid much attention to the process. In the morning of November 15, 1957, plaintiff was seated in the third room of the store watching television. She saw a man spraying the first and second rooms. She could smell the spray and knew that the purpose of the spraying was to exterminate cockroaches. When the man reached the third room he did not request plaintiff to leave or to change her position and she remained seated while the spraying continued for about fifteen minutes. Plaintiff said there was considerable spraying "because I felt like it got damp around where I was sitting, and everything was wet, and I felt like my clothes began to get damp, and my shoes began to get kind of a soggy, and all the room was damp around me where I was sitting." Plaintiff remained

seated for thirty minutes to an hour after the spraying of the third room was completed, when she became nauseated and otherwise ill and was taken to a hospital where she remained for over two months.

Plaintiff testified that she did not know the spray was dangerous to persons. She did not know the substance used was poisonous or harmful to people. She did not have any knowledge of the contents of the label on any container in which the substance was packaged and she did not know what the label said with reference to excessive inhalation of the substance and she was not told that excessive inhalation should be avoided. She relied on defendants' statement that the spraying would not be dangerous to people in the store.

Inasmuch as we have reached the conclusion that the trial court properly granted a new trial on the ground that instruction 9 was erroneous, and inasmuch as defendants had the verdict and consequently this case must be remanded for a new trial, we should not determine plaintiff's contention that the evidence did not make a submissible issue on plaintiff's contributory negligence, for the reason that we may not know what the evidence in that respect will be at another trial.

■ Instruction 9 was: "The Court instructs the jury that if you find and believe from the evidence in this case that prior to November 15, 1957, plaintiff Annie Gitterman made an arrangement with ABC Exterminators for them to exterminate cockroaches in Harry's Furniture Store, if so, and that on said date of November 15, 1957, defendant Charles Taylor came to said store and began to spray an insecticide pursuant to said arrangement, if so, and that Annie Gitterman was seated in the third room of said store, if so, and before Taylor came to said third room to spray she saw him spraying in the first and second rooms of said store and knew that he was spraying a substance to exterminate cockroaches, and could smell the said substance, all if so, and that she continued to sit in said third room while Taylor sprayed said substance therein, if so, and if you further find and believe that her continuing to so sit there during said spraying, if so, constitutes a failure to exercise ordinary care for her own safety, if so, and that such failure directly caused or contributed to cause her illnesses complained of, if so, then you are instructed that plaintiff is guilty of negligence which prevents her from recovering in this case and your verdict shall be in favor of the defendants and against the plaintiff."

Plaintiff contends the instruction is erroneous because it failed to require a finding by the jury that she knew or in the exercise of ordinary care should have known that to remain seated in the room during and after the spraying would likely result in some physical injury to her. We are of the view that plaintiff's contention must be sustained.

The instruction required the jury to find the conceded facts that plaintiff was seated in a chair in the third room, saw the man spraying rooms one and two with a substance which she could smell and which she knew was being applied to exterminate cockroaches, and that she remained so seated while the room in which she was sitting was sprayed. Based solely upon a finding of those facts the jury was authorized to find further that "her continuing to so sit there during said spraying" constituted a failure on her part to exercise ordinary care for her own safety. The instruction was fatally defective because it failed to require the jury to find that plaintiff had knowledge, actual or constructive, that to remain there seated under the hypothesized circumstances would be likely to cause her some physical injury.

■ An essential element of contributory negligence is that the person charged acted or failed to act with knowledge and appreciation, actual or constructive, of the danger of injury which his conduct involved; and a corollary to that fundamental is that one's knowledge of the gen-

eral condition from which the danger arose does not necessarily constitute knowledge and appreciation of the danger. Bartlett v. Taylor, 351 Mo. 1060, 174 S.W.2d 844, 851; Ezell v. Kansas City, Mo., 260 S.W.2d 248, 250(4); 65 C.J.S. Negligence § 119, pp. 720, 721. Plaintiff did not concede knowledge or appreciation of the danger of injury; her positive testimony was to the contrary. And under the evidence, considered from a standpoint favorable to defendants and assuming for present purposes that it was sufficient to make a submissible issue of plaintiff's contributory negligence, it is apparent that we could not correctly hold, as a matter of law, that plaintiff knew or in the exercise of ordinary care must have known that to remain seated during and after the spraying of the third room was likely to result in physical injury to her. It seems apparent that only if it appeared that plaintiff was chargeable, as a matter of law, with knowledge and appreciation of the danger of injury could the instruction properly have omitted the requirement for such a finding; and here, as often would be the case, if plaintiff was chargeable, as a matter of law, with knowledge and appreciation of the danger of her act, defendants were entitled to a directed verdict.

Defendants, in support of their contention that the instruction was correct, say the danger to plaintiff was so "open, apparent and obvious that a submissible case of contributory negligence is made without requiring a specific finding in the instruction that plaintiff knew or could have known of the danger," and that the jury was entitled to so find, based upon the asserted fact that danger of physical harm under the circumstances was a matter of "common knowledge." That argument, as we see it, is simply another way of saying that plaintiff was chargeable, as a matter of law, with knowledge and appreciation of the fact that if she remained there seated during (and for an appreciable time thereafter) the spraying of the third room, some physical injury to her was likely to re-

sult. As we have held, plaintiff was not so chargeable under her testimony that defendants represented that the spray would not be dangerous to persons in the store and under her testimony to the effect that she in fact did not have knowledge or appreciation of the likelihood of physical injury as a result of her remaining in the room.

The trial court correctly held that it erred in giving instruction 9 and the order granting plaintiff a new trial is affirmed.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.