Garnett L. DAVIDSON, Appellant,

v.

INTERNATIONAL SHOE COMPANY, a Corporation, Respondent.

No. 52666.

Supreme Court of Missouri, Division No. 1.

April 8, 1968.

Motion for Rehearing or to Transfer to Court En Banc Denied May 13, 1968.

William R. Kirby, St. Louis, for appellant.

Evans & Dixon, Ralph C. Kleinschmidt, St. Louis, for respondent.

WELBORN, Commissioner.

Garnett L. Davidson brought this action for $35,000 damages for injuries sustained in a fall at the International Shoe Company warehouse in St. Louis. The jury's verdict was for defendant. Plaintiff appealed.

On June 29, 1961, Davidson, a truck driver employed by Navajo Freight Lines, drove a truck loaded with merchandise to the International Shoe Company warehouse at 1111 Lucas Street in St. Louis. The truck was backed in to the warehouse dock for unloading. Davidson got out of the truck and assisted in placing a portable conveyor in the truck to be used in the unloading. Davidson wanted a drink of water. He went to a rest room where he usually went to get a drink at the warehouse, but plumbers were working there. Davidson returned to the loading dock and started to go to another drinking fountain on the warehouse premises near the office of International's dock foreman. To get to the fountain, Davidson walked along a wooden catwalk some 60 feet in length. At the end of the catwalk, he stepped on portable steps which tilted, causing Davidson to fall, resulting in the injuries for which the damages were sought.

The retired dock foreman testified that the water fountain near his office was for the use of truck drivers as well as International employees. He testified that International provided facilities for use by the drivers while their trucks were being unloaded. He stated that the facilities included coke machines, a coffee machine, and seats for them to sit there and smoke.

On this appeal, the respondent urges that the judgment should be affirmed because the plaintiff was, at the time he was injured, a mere licensee, as to whom there had been no breach of duty. As stated in respondent's Points and Authorities: "This is so because the evidence most favorably viewed from plaintiff's viewpoint established that plaintiff entered defendant's warehouse to get a drink of water and the nature and purpose of his business was personal to him, and did not confer any benefits upon nor serve any interests of defendant." This argument makes the object of plaintiff's trip into the warehouse determinative of plaintiff's status. It does not in any way involve the route which plaintiff elected to follow and we therefore need not detail the evidence in that regard.

The respondent's principal reliance is upon the frequently cited case of Glaser v. Rothschild, 221 Mo. 180, 120 S.W. 1, 22 L.R.A.,N.S., 1045. That case involved an action by a person who had been invited by the defendant to his office to discuss matters involving some securities. When the plaintiff arrived, the defendant was unable to see him immediately. The plaintiff stated that, in that event, he would have to go to the toilet. The defendant asked an em-

ployee to give the caller the key to the toilet. The employee did so and directed the caller to a toilet in the basement. En route, the caller fell and he sued for the injuries which he sustained. Upon a defendant's verdict, the plaintiff appealed and attacked defendant's instructions as erroneous. Defendant contended on the appeal, as does the defendant here, that plaintiff made no submissible case in any event. Judge Woodson wrote an opinion, in which all the judges concurred, holding that the defendant's instructions were erroneous. Judge Woodson also concluded that, as defendant here contends, the plaintiff, in going to the toilet, was on a personal trip and at such time was in the position of a licensee. 120 S.W. 12–17. However, the majority of the court did not concur in Judge Woodson's opinion on this point. The majority view on this point was expressed by Judge Lamm. 120 S.W. 2–6. The majority concluded that a case of liability on an invitor-invitee basis was shown and the case was reversed and remanded. The language relied upon by respondent from Judge Woodson's opinion (120 S.W. 13) did not represent the view of the majority of the court or the holding in the case.

In our opinion, the law on this question is settled, contrary to respondent's contention. There can be no doubt that, as a driver of a truck making a delivery at the plant, appellant's status was that of an invitee. Moss v. Nooter Corporation, Mo.App., 344 S.W.2d 647; 65 C.J.S. Negligence § 63(115), p. 877. The respondent's witnesses testified that drinking fountains and other facilities were maintained for the benefit of drivers making deliveries. The purpose of this was shown to be to keep the drivers close at hand during loading and unloading so that the dock space could be fully utilized. From the testimony of defendant's witnesses, the jury could find an implied invitation to use the premises as plaintiff here was doing. Furthermore, plaintiff pleaded and showed custom with respect to such use, and an invitation "may arise from known customary use." Anderson v. Welty, Mo.

App., 334 S.W.2d 132, 136[4]; Glaser v. Rothschild, supra, 120 S.W. 3; Moss v. Nooter Corporation, supra. We conclude that the fact that plaintiff was seeking a drink of water at the time of the injury here does not preclude a finding that he was, at such time, an invitee of the defendant, and the judgment of the trial court cannot be sustained on the theory that the plaintiff's activity at the time of the injury precluded recovery by him.

Other than Glaser v. Rothschild, supra, the cases relied upon by respondent are not in point. In Moss v. Nooter Corporation, supra, a delivery truck driver was injured when he went in search of an employee of the defendant who was to obtain a crew to unload the truck. The court found that, under the facts involved, the defendant's invitation to the driver was a quite limited one and that there was no basis for finding "that defendant could reasonably anticipate plaintiff's presence in the storage area." 344 S.W.2d l. c. 653. That case was concerned with the portion of the premises to which the driver's invitation extended, and did not depend upon the nature of the driver's activity at the time of the accident, the matter upon which respondent here relies.

Argus v. Michler, Mo.App., 349 S.W.2d 389, does, as respondent states, cite the Rothschild case, with approval. However, the essential holding in Argus was that the jury was not required to believe the statement of a plaintiff who went onto filling station premises to use a telephone, a use in which the service station owner had no interest, that his visit also incidentally involved looking at tires, with a view to making a purchase. Such an incidental purpose had not been communicated to the owner in any manner and the jury was not required to believe the testimony and accord the visitor the status of an invitee.

In Gayer v. J. C. Penney Company, Mo. App., 326 S.W.2d 413, the court held that a ten-year old boy who entered a stock room of the defendant's store had lost his status as a business invitee because the store room was beyond the portion of the premises to

which the defendant's invitation to its customers extended. Again, the place of the occurrence, not the purpose of the plaintiff's presence there, was the decisive factor.

Richey v. Kemper, Mo.Sup., 392 S.W.2d 266, and Robidoux v. Busch, Mo.App., 400 S.W.2d 631, did not involve questions similar to that here presented.

On the plaintiff's appeal, the sole ground of error involves Instruction No. 3, given at the request of the defendant, which reads as follows:

"Your verdict must be for the defendant if you believe:

"First, plaintiff either failed to look and see where he was placing his foot on the step mentioned in evidence, or failed to place his foot on the center portion of said step; and

"Second, plaintiff's conduct, in any one or more of the respects submitted in paragraph First, was negligent; and

"Third, such negligence of plaintiff directly caused or directly contributed to cause any damages plaintiff may have sustained."

Appellant attacks this instruction on the ground that the evidence did not support the giving of the instruction and that the instruction failed to require a finding of knowledge on plaintiff's part essential to a finding that the conduct charged constituted contributory negligence.

The catwalk along which plaintiff walked was made of wood and was some two feet in height. The steps were also made of wood, and consisted of two treads and two risers. They were at right angles to the catwalk and were not attached to the catwalk. Witnesses described the steps as "portable." The negligence charged in plaintiff's verdict-directing instruction was that the premises were not reasonably safe for use by an invitee because the steps were not attached to the catwalk or the floor.

The respondent acknowledges that there was no direct evidence to support the contributory negligence which it charged. However, respondent asserts that the jury could infer from plaintiff's testimony that either he failed to look where he stepped, or that he failed to step in the center of the tread. Granted that the testimony would support such inferences, "[a]n essential element of contributory negligence is that the person charged acted or failed to act with knowledge and appreciation, actual or constructive, of the danger of injury which his conduct involved; and a corollary to that fundamental is that one's knowledge of the general condition from which the danger arose does not necessarily constitute knowledge and appreciation of the danger. Bartlett v. Taylor, 351 Mo. 1060, 174 S.W. 2d 844, 851; Ezell v. Kansas City, Mo., 260 S.W.2d 248, 250(4); 65 C.J.S. Negligence § 119, pp. 720, 721." Gitterman v. Danella, Mo., 356 S.W.2d 52, 54–55[2]. In this case there was no concession by plaintiff of knowledge of the danger which he charged existed. Respondent points out that plaintiff recognized the "necessity of placing his full foot upon the step without overlapping." However, respondent's brief states: "[P]resumably the danger he anticipated was not from tilting steps but rather from the possibility of slipping or missing his step, * * *." There is no claim that plaintiff either slipped or missed his step. Respondent does say that the plaintiff "misstepped" in that he did not place his foot in the center of the step, thereby causing it to tilt. However, defendant points to no testimony from which it might be inferred that, had plaintiff watched where he placed his foot, he would have been aware of the hazard of stepping toward the outer side of the tread. Respondent in effect acknowledges that, at the most, there was a showing of "knowledge of the general condition from which the danger arose," and points to no "knowledge and appreciation of the danger" which would dispense with the requirement of the jury's finding of this element of contributory negligence. The failure of Instruction No. 3 to require a finding of such

knowledge on the part of the plaintiff as would be a necessary element of contributory negligence by reason of the acts here submitted makes the instruction erroneous. Russo v. Garrison, Mo.App., 357 S.W.2d 257, 260[2].

The judgment is reversed and the cause remanded.

HOUSER, C., concur.

HIGGINS, C., not sitting.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.