Catherine **FEHLBAUM**, Plaintiff-Respondent,

v.

**NEWHOUSE BROADCASTING CORPORA-TION**, Defendant-Appellant.

No. 34004.

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 18, 1972.

Louis W. Riethmann, St. Louis, for defendant-appellant.

Samuel A. Goldblatt, Kramer, Chused, Kramer, Shostak & Kohn, Burton H. Shostak, St. Louis, for plaintiff-appellee.

SMITH, Judge.

On August 7, 1967, Catherine Fehlbaum was attending the telecasting of the "Charlotte Peters Show" at the studios of KTVI, operated by defendant. Following the telecast, Mrs. Fehlbaum fell off a platform and injured herself. The resulting lawsuit produced a jury verdict for defendant. The trial court sustained plaintiff's motion for new trial without specifying any grounds and defendant appeals.

Under Supreme Court Rule 84.-05(b) and (c), V.A.M.R., the trial court's action is presumed erroneous and plaintiff bears the burden of establishing the correctness of the action. We are not permitted to presume such action was based upon discretionary grounds. Plaintiff attempts to meet the burden by premising error in the giving of defendant's contributory negligence instruction based upon failure to keep a careful lookout and the giving of defendant's converse instruction.

The attack on the contributory negligence instruction is two-fold, i. e.: (1) it was not supported by the evidence, and (2) it is deviation from M.A.I. and therefore prejudicially erroneous. The attack on the defendant's converse is also two-fold, i. e.: (1) it places the burden of proving freedom from contributory negligence on plaintiff, and (2) it in effect allows defendant two converse instructions.

In determining whether there was sufficient evidence to warrant submission of defendant's contributory negligence defense we look to the evidence and inferences therefrom which support such defense. The accident occurred at the end of the show. Plaintiff was seated on the first elevated row of the platform approximately six to eight inches above the floor. After the show the bright lights used in the telecasting were turned off. Plaintiff arose from her seat, took a step forward and fell. Her evidence was that it was quite dark and that no warnings were given. We find, however, evidence which would support the following facts: (1) plaintiff had stepped up on the platform when she originally took her seat; (2) she was seated near the step for two hours in bright illumination; (3) the step was gray in color with a black stripe at the edge; (4) the area was well lighted at the time she fell, about like the average house or the courtroom; (5) verbal warnings to "watch your step" were given; (6) plaintiff at no time after getting out of her seat looked to see where she was placing her foot.

The Missouri courts have consistently held that where a duty to look exists it is contributory negligence to fail to see what is plainly visible. Combellick v. Rooks, Mo., 401 S.W.2d 460; Freeman v. Myron Green Cafeterias Company, Mo., 317 S.W.2d 303. A person, however, is not required to look for danger where there is no cause to anticipate it. White v. Burkeybile, Mo., 386 S.W.2d 418. We hold that the facts outlined above were sufficient to present a jury question of plaintiff's contributory negligence. There was evidence from which a jury could find a duty to look or at least a reason to antici-

pate danger. Plaintiff had stepped up before entering her seat, had been in a position to observe the step for nearly two hours and was warned to watch her step. She admitted she did not look, and there was substantial evidence that the lighting was sufficient so that she could have seen the step had she looked, particularly in view of the contrasting black stripe.

 Plaintiff also contends that the instruction was a variation from M.A.I. because it fails to require a finding of knowledge of the danger on the part of the plaintiff. This contention is answered by Helfrick v. Taylor, Mo., 440 S.W.2d 940[4], where exactly the same instruction was approved in a case quite similar to this one. Plaintiff's reliance on Davidson v. International Shoe Co., Mo., 427 S.W.2d 421, is misplaced. There, the plaintiff stepped onto a step which tilted causing the fall. There was no evidence that had plaintiff looked he would have been aware of the danger of the step tilting. That is not the case here, for had plaintiff looked she could hardly have failed to appreciate the danger.

Defendant's converse was M.A.I. 33.13, which was a proper converse under plaintiff's submission of failure to warn. Defendant is entitled to submit an instruction on an affirmative defense or a converse or both. Jefferson v. Biggar, Mo., 416 S.W.2d 933[4]. The burden of proof instruction given was M.A.I. 3.01 with the affirmative defense addition provided under the Notes On Use. Reading all instructions together we are unable to see how a jury could have possibly been misled as to whom had the burden of proof on the affirmative defense. Nor does the use of both an affirmative defense instruction and a converse instruction constitute a double converse. The instructions used are those contemplated and required by M.A.I. and their use was not erroneous.

The court's action in sustaining plaintiff's motion for new trial was erroneous.

The cause is reversed and remanded with instructions to enter judgment in accord with the verdict of the jury.

DOWD, P. J., and SIMEONE, J., concur.