Myldred W. DEMKO, Plaintiff-Appellant,

v.

H&H INVESTMENT COMPANY et al.,
Defendants-Respondents.

No. 35322.

Missouri Court of Appeals,
St. Louis District,
En Banc.

Aug. 19, 1975.

Motion for Rehearing or Transfer
Denied Oct. 22, 1975.

Application to Transfer Denied Dec.
8, 1975.

Charles J. McMillin, Laura Andreas, St. Louis, for plaintiff-appellant.

Amelung, Wulff & Willenbrock, James J. Amelung, Gray, Friedman & Ritter, Charles E. Gray, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, John J. Horgan, St. Louis, for defendants-respondents.

McMILLIAN, Judge.

Appellant, plaintiff in an action for personal injuries suffered in a fall on snow and ice slick pavement, seeks review of a jury verdict and judgment in favor of defendants. We affirm.

Plaintiff's petition sought damages for injuries she sustained in a fall in a parking area adjacent to a restaurant and motel in Columbia, Missouri. Plaintiff alleged the same acts of negligence against each of the defendants, but her theory of liability for each defendant was separately based on control of the area in which she had fallen. Specifically, she claimed that H&H and the Halls had possession and control of the parking lot area; that Bischof and Connie's had control of the means of ingress and egress from the restaurant to the parking area; and that Rodeway either had control or shared control of the parking lot with the other defendants.

Evidence was introduced at trial showing that the unimproved real property in question belonged to the Halls, and that the Halls had leased the property to H&H,

which constructed the restaurant and motel. H&H operated the motel, but leased the restaurant to Bischof, which, in turn, subleased to Connie's. Rodeway's connection with the other defendants is more tenuous. Evidence showed that initially Rodeway had entered into a license agreement with H&H to provide management services to H&H for the motel, but not to guests of the motel. There was also evidence that a Rodeway sign was located at the entrance of the parking lot (the motel was described by another sign as a Best Western Motel) and that city license records showed that Rodeway was authorized to do business in the city at the time of plaintiff's accident. At that time, however, Rodeway had no relationship of any kind with H&H or the motel.

The accident in question occurred as plaintiff was leaving the restaurant operated by Connie's and returning to her car. She testified that she slipped and fell on packed snow and ice as she stepped off the curb of a raised sidewalk onto the parking lot. Evidence was introduced tending to show that the restaurant's rain guttering and downspout system would have flooded the sidewalk in the vicinity of plaintiff's fall, and that snow had fallen in the Columbia area two days prior to the accident. Plaintiff also testified that she had not seen any snow or ice on the sidewalk or curb area when she entered the restaurant.

Defendants Bischof and Connie's contend that none of plaintiff's points of error should be considered because she failed to make a submissible case as to them and, therefore, any instructional errors were inconsequential. *Watterson v. Portas*, 466 S.W.2d 129 (Mo.App.1971) and *Bafaro v. Pezzani*, 376 S.W.2d 631 (Mo.App.1964). We agree that there was no submissible issue as to Bischof but disagree as to Connie's.

This case does not involve an injury on property abutting a public street or sidewalk,[1] nor was there a "special use"[2] or an "affirmative act."[3] This is a parking lot case and the liability, if any, is based on a merchant's duty to invitees to provide a reasonably safe means of ingress and egress, *Cannon v. S. S. Kresge*, 233 Mo.App. 173, 116 S.W.2d 559 (1938). The duty is a duty to exercise ordinary care to keep its premises reasonably safe and to warn of any danger which is actually or constructively known to it and which invitees would not discover. *Gilpin v. Gerbes Supermarket, Inc.*, 446 S.W.2d 615 (Mo.1969) citing Restatement, Torts 2d, § 343. "The basis for liability in this type of case is a knowledge of the storekeeper of an unsafe condition or of a danger to a shopper, superior to that of the invitee. . . ." *Gilpin v. Gerbes Supermarket, Inc.*, supra, at p. 618, quoting *Brown v. Kroger Co.*, 344 S.W.2d 80, 83 (Mo.1961) and *Cunningham v. Bellerive Hotel, Inc.*, 490 S.W.2d 104 (Mo.1973). Furthermore, such liability cannot be avoided by contracting with others to maintain the entrance and exit areas. *Cannon v. S. S. Kresge Company*, supra. Therefore, it follows logically that the duty is owed by the "owner or possessor" or "occupant" of the land. *Cunningham v. Bellerive Hotel, Inc.*, supra; *Gilpin v. Gerbes Supermarket, Inc.*, supra; *Potter v. Zorensky*, 508 S.W.2d 21 (Mo.App.1974); *Willis v. Rivermines I. G.*

1. See generally 63 C.J.S. Municipal Corporations § 861 (1950); Annotated 88 ALR 2d 331.

2. See generally *State ex rel. Shell Petroleum Corp. v. Hostetter*, 348 Mo. 841, 156 S.W.2d 673 (1941); *O'Connell v. Roper Elec. Co., Inc.*, 498 S.W.2d 847 (Mo.App.1973); *Martin*

*v. Gilmore*, 358 S.W.2d 462 (Mo.App.1962); Annotated 88 ALR 2d 331, 380–99.

3. See generally *Berry v. Emery, Bird, Thayer Dry Goods Co.*, 357 Mo. 808, 211 S.W.2d 35 (1948); *Levine v. Jale Corp.*, 413 S.W.2d 564 (Mo.App.1967); *Hart v. City of Butler*, 393 S.W.2d 568 (Mo.1965); Annot., 88 ALR 2d 331, 361–64.

*A. Supermarket,* 350 S.W.2d 437 (Mo.App. 1974); Restatement, Torts 2d, § 343, Annot., 38 ALR 3d 23.

■ Connie's was the occupant or possessor of the land. Bischof merely leased the land from H&H Investment Co. and subleased it to Connie's. The fact that Bischof had contracted with H&H to maintain the leased premises is immaterial to the liability in this suit. Rather, the determinative factor is that Connie's could have had the superior knowledge which precedes both duty and liability. Bischof could not. Bischof had a contractual obligation to H&H but no duty to patrons of Connie's. Therefore, Bischof was entitled to a directed verdict as a matter of law; there was not a submissible case as to Bischof.

■ Despite the duty that Connie's owed to its patrons, the case would not have been submissible as to Connie's if Connie's could have shown as a matter of law either that there was no actionable negligence or that plaintiff was guilty of contributory negligence. Here, there was ice on the parking lot, so Connie's affirmative duty to make safe or warn was properly in issue. Also, there was no evidence on the "obviousness" of the danger sufficient to remove the contributory negligence issue from the case. Reasonableness is a jury question. *Dean v. Safeway Stores,* 300 S.W.2d 431 (Mo.1957); *Abel v. Campbell 66 Express, Inc.,* 378 S.W.2d 269 (Mo.App.1964); *Willis v. Rivermines I. G. A. Supermarket,* supra. Since Connie's did have a duty and was not entitled to a directed verdict as a matter of law, plaintiff did make a submissible case as to Connie's.

■ Plaintiff's major allegations of error concern the instructions given the jury by the trial judge. First, she argues that defendants' converse instructions were defective because they did not contain "substantially the same language" of her verdict directors. MAI 33.01.

Plaintiff gave separate verdict directing instructions for each defendant and each instruction required a finding that "defendant failed to use ordinary care." Defendants H&H, Bischof and Connie's, on the other hand, gave identical converse instructions, each of which required a verdict for that defendant unless the jury found the defendant "negligent." Plaintiff's verdict director defined "ordinary care" as that "degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances." Defendants' converse instruction defined "negligence" as "the failure to use 'ordinary care' which means that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances."

MAI 33.01 requires a converse instruction to contain substantially the same language as the verdict directing instruction in order to prevent a jury from returning a verdict based on its interpretation of a term of law which neither appears in the verdict director nor is defined. *Brewer v. Swift & Company,* 451 S.W.2d 131, 133 (Mo. banc 1970). That danger is not present in this case. Whatever the semantic differences in the instructions given the jury, all instructions in question here included definitions of "ordinary care" and "negligence" which used identical language. Thus we cannot say, as the court said in *Brewer,* that the jury was given a roving commission to substitute its own notion of the proper interpretation of a term of law.

The question remains, however, whether the failure of defendants to use "substantially the same language" in their converse instructions constituted reversible error. We think not. All terms used in the instructions were defined in identical language. Further, plaintiff's verdict di-

rectors referred directly to defendants' contributory negligence instructions where the term "negligent" was properly used. In these circumstances it is difficult to conceive how the jury was confused or misled. Juries are, after all, ". . . composed of ordinarily intelligent persons who should be credited with having common sense and an average understanding of our language." *Wims v. Bi-State Development Agency,* 484 S.W.2d 323, 325 (Mo. banc 1972). We assume that jurors follow the instructions given them. *Girratono v. Kansas City Public Service Co.,* 363 Mo. 359, 251 S.W.2d 59 (Mo.1952). Therefore, while the failure of defendants H&H, Bischof and Connie's to use substantially the same language in their converse instructions as used in plaintiff's verdict directors did not comport with previous decisions, we find that the instructions, when read together, that is, plaintiff's verdict directors and definitions given in defendants' *converse instructions* are clear and complete and we cannot find any reversible error.

■ In her second charge of error concerning the converse instructions, plaintiff argues that the trial court should not have permitted all defendants to give separate converse instructions where plaintiff's verdict directors were submitted against defendants H&H, Bischof and Connie's on a single theory of liability. Missouri courts have recognized the basic premise behind plaintiff's argument, namely, that multiple converse instructions against a single theory of liability constitutes reversible error. In *Murphy v. Land,* 420 S.W.2d 505, 506–507 (Mo.1967), a suit for personal injuries suffered by a child, the plaintiff submitted two verdict directors: one for damages incurred by the child, the other for medical expenses incurred by the parents. Defendant gave two converse instructions. The court held that a defendant was not entitled to give two converse instructions where the two verdict directors were submitted

under the same theory of liability. The court said that multiple converse instructions to a single theory of recovery violated the spirit of MAI 29.01 (now MAI 33.01) ". . . which states that a defendant is entitled to *a* converse of plaintiff's verdict directing instruction . . . ." supra, at 507. Similarly in *Nugent v. Hamilton & Sons, Inc.,* 417 S.W.2d 939 (Mo.1967), the court held that two defendants were entitled to only one converse instruction where the liability of one defendant rested on the liability of the other under the respondeat superior doctrine. See also *Watterson v. Portas,* 466 S.W.2d 129 (Mo.App.1971) and *Scheele v. American Bakeries Co.,* 427 S.W.2d 361 (Mo.1968).

These cases do not, however, deal directly with the problem presented here, where a single plaintiff seeks to recover against multiple defendants for a single act of negligence but on separate theories of liability. Here, plaintiff submitted for the act of negligence against H&H its failure "to use ordinary care to make the parking lot reasonably safe." However, as to defendants Bischof and Connie's, plaintiff submitted the issue of the negligence of these defendants in failing either "to remove" or "to warn" of ice and snow. The "failure to remove" was a failure to make the parking lot reasonably safe, but the act of "failure to warn" was a separate and distinct act of negligence. Thus, as to Bischof and Connie's there was no "single act of negligence," but, on the contrary, disjunctive acts were submitted. Nothing was contained in plaintiff's submission against H&H about failure to warn. So, too, plaintiff's verdict director as to H&H required a finding "the parking lot was in the control of . . . H & H . . . and was used by restaurant customers with the consent of . . . H & H . . . ." On the other hand, plaintiff's verdict director as to Bischof and Connie's required a finding "there was snow and ice on the parking lot . . . the means of egress from the

restaurant provided by . . . ." Bischof and Connie's respectively in separate submissions.

The Notes on Use to M.A.I. 33.02 and 33.03 specifically provide that when multiple verdict directing instructions submitting different theories of recovery are given, a converse instruction may be given for each verdict directing instruction. The Notes on Use also provide, "When plaintiff submits two separate verdict directing instructions, defendant may converse each such submission with any of the approved converse instruction forms. . . ." (MAI 33.15, pocket part p. 114).

Our research has revealed no judicial decision involving the issue of whether or not each defendant is entitled to give a converse instruction where plaintiff gives a separate verdict directing instruction as to each defendant and there is no relationship existing between the defendants under which a jury would be required to find against all or neither defendant. Inasmuch as Notes on Use apply to converse instructions which specifically permit a defendant to give a converse to each instruction where plaintiff submits two verdict directing instructions, Notes on Use, MAI 33.15, it would certainly seem to authorize each defendant to give a converse where plaintiff submits separate verdict directing instructions. Notes on Use, MAI 33.02 and 33.03 would compel the same conclusion.

The MAI directive that, a "defendant may give only one converse for each verdict directing instruction" cannot be interpreted to mean that all defendants are restricted to one converse even though the plaintiff submits a verdict directing instruction as to each defendant. Especially is this true where there is no derivative liability existing among the defendants as in this case.

In the cases involving one defendant the parties-plaintiff had submitted identically worded instructions on the issue of negligence. Thus in submitting a converse instruction the single defendant's instruction could have been readily combined into a single instruction and have still followed the example contained in MAI. *Murphy v. Land*, supra; *Watterson v. Portas*, 466 S.W.2d 129 (Mo.App.1971) (Where father and son sued for injuries to son, giving two verdict directors on the ground of negligence-lookout, speed, and wrong side of the road, each asking different damages; held to be error for single defendant to give two converses.) and *Wyatt v. Southwestern Bell Telephone Co.*, 514 S.W.2d 366 (Mo.App. 1974) (Husband and wife parties-plaintiff).

In those cases involving two defendants there was a relationship existing between the defendants so that a jury could only find against both or neither of them. In such instances the defendant could have given only one converse which would have followed an approved MAI converse. *Nugent v. Hamilton & Sons, Inc.*, 417 S.W.2d 939 (Mo.1967) (Master and servant were defendants); *Scheele v. American Bakeries Co.*, 427 S.W.2d 361 (Mo.1968). In *Nugent* the Supreme Court first used the "sheer volume of words" test, and justly so, because defendants (Master and servant) gave three separate lengthy converse instructions, which clearly was violative of MAI.

As a practical matter where there are multiple opposing parties defendant, such as the case herein, query—which defendant takes the responsibility for giving the single converse? And, if it is determined to be erroneous, is it reversible error as to a defendant who in the trial court objects to the giving of the instruction offered by the other defendant but yet given by the court? In our opinion justice is not served by a ruling which requires opposing defendants, each of whom are defending their rights to agree upon the wording of one converse, when each of them are required to defend against a verdict directing instruction di-

rected specifically against them on a separate theory of liability. An example of how error can creep in by trying to give one converse where two verdict directing instructions are involved is the case of *Burrow v. Moyer*, 519 S.W.2d 568 (Mo.App. 1975). The situation in the *Burrow* case was similar to that present in *Murphy* and the *Watterson* cases. The court in the *Burrow* case specifically held, ". . . A single converse is used only in cases where defendant intends to converse the same theory in each of plaintiffs' verdict directors."

■ In the present case plaintiff has asserted a separate and distinct theory against each defendant, and, accordingly, submitted a separate verdict directing instruction as to each defendant. Having chosen to submit in this manner, plaintiff certainly cannot be heard to complain that the jury was confused by the sheer volume of words, especially where the "sheer volume of words" has been created by the plaintiff. Consequently, we rule that where a plaintiff asserts a separate theory of liability against multiple defendants where there is no derivative liability existing among the defendants, and plaintiff submits a separate verdict instruction as to each defendant, then each defendant may submit a separate converse instruction.

The converse instructions submitted by Rodeway and the Halls raised additional elements of proof required against them if plaintiff were to recover. Rodeway's converse instruction omitted any reference to negligence and asked for a verdict in its favor if the jury found that it neither controlled nor shared control of the parking lot. Similarly, the Hall's converse instruction omitted the negligence issue and required a verdict in their favor if the jury found that they were not in possession or control of the parking lot.

■ Since plaintiff undertook proof of these additional elements of proof—possession or control—against Rodeway and the Halls and since these defendants raised these issues in their defense, we find that the separate converse instructions submitted by Rodeway and the Halls were also proper and permissible. Both instructions converse separate theories of recovery and both fall within the "spirit" of MAI No. 33.01 entitling a defendant to "a converse of plaintiff's verdict directing instruction." *Murphy v. Land*, supra, at 507.

■ Following the reasoning of her objection to multiple converse instructions, plaintiff contends that the trial court erred in allowing four of the defendants to submit separate, but identical, contributory negligence instructions. MAI No. 32.01, relating to contributory negligence, does not specifically condemn multiple instructions as does MAI No. 33.01. However, the use of multiple contributory negligence instructions does seem, as plaintiff argues, to unduly overemphasize the defense by needless repetition.

In any event, none of plaintiff's authorities cited by plaintiff required defendants to combine their contributory negligence submissions. Since the Missouri Supreme Court has not seen fit to make the same requirement for contributory negligence instructions as it did for converse instructions, it would be patently unfair to convict the trial court of error in this regard. Therefore, we rule this point against plaintiff.

■ Plaintiff also urges that the contributory negligence instructions [4] were er-

---

4. "Instructions No. 10 and No. 13 properly required that before the jury could find that plaintiff was guilty of contributory negligence, they must find:

"First: Plaintiff failed to keep a careful lookout, and

"Second: Plaintiff's conduct in the respect submitted in Paragraph First was negligent, and

"Third: Such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained."

roneous because they omitted any requirement of a finding that the plaintiff had actual or constructive knowledge or appreciation of the danger citing *Koirtyohann v. Washington Plumbing & Heating Co.,* 471 S.W.2d 217 (Mo.1971); *Bledsoe v. Northside Supply & Development Co.,* 429 S.W.2d 727 (Mo.1968) and *Davidson v. International Shoe Co.,* 427 S.W.2d 421 (Mo.1968). Because it is established law that before a party can be found contributorily negligent, there must be a finding that he acted or failed to act with knowledge and appreciation, actual or constructive, of the danger of injury resulting from his conduct, *Koirtyohann v. Washington Plumbing & Heating Co.,* supra. To omit a requirement for such a finding from a contributory negligence instruction is error, *Bledsoe v. Northside Supply & Development Co.,* supra and *Davidson v. International Shoe Co.,* supra.

■ We agree that each of these cases does stand for the proposition of law now being urged by plaintiff. But the instant case is readily distinguishable from the *Koirtyohann, Bledsoe* and *Davidson* cases.

In the *Koirtyohann* case the decedent dug a trench about 300 feet in length, but because of a culvert and a creek he had to stop. To dig the trench deeper, another operator was called in who deepened the trench and piled the excavated dirt on the side of the trench. When the operator could go no farther, the deceased returned to the trench to carry on the digging necessary to be done by a hand shovel. In the meantime, while the operator was digging on the other side of the culvert, the south wall, where the excavated dirt was being placed, caved in. The court pointed out that where mere knowledge of a general condition does not necessarily impart knowledge and appreciation of the danger, then the instruction should require a finding of knowledge and appreciation either actively or constructively.

The *Bledsoe* case reached a similar conclusion because the instruction in question failed to require a finding that plaintiff had actual or constructive knowledge that the plane was overloaded, where plaintiff neither loaded the plane nor determined its load.

The holding in the *Davidson* case is based upon the same principle involved in the *Koirtyohann* and the *Bledsoe* cases. Davidson involved a situation where plaintiff stepped on a portable step which tilted causing him to fall. There was no evidence that the mere observation of the step would impart knowledge and appreciation of the danger.

Plaintiff's present assertion of error is directly answered by this court's opinion in *Fehlbaum v. Newhouse Broadcasting Corp.,* 483 S.W.2d 664, 666: "Plaintiff also contends that the instruction was a variation from M.A.I. because it fails to require a finding of knowledge of the danger on the part of the plaintiff. This contention is answered by *Helfrick v. Taylor,* Mo., 440 S.W.2d 940[4], where exactly the same instruction was approved in a case quite similar to this one. Plaintiff's reliance on *Davidson v. International Shoe Co.,* Mo., 427 S.W.2d 421, is misplaced. There, the plaintiff stepped onto a step which tilted causing the fall. There was no evidence that had plaintiff looked he would have been aware of the danger of the step tilting. That is not the case here, for had plaintiff looked she could hardly have failed to appreciate the danger." So, we rule this point against plaintiff and hold the giving of a failure to keep a careful lookout instruction was proper under the evidence of the case.

■ While plaintiff's contention that the court erred in excluding evidence of a municipal ordinance of the city of Columbia has merit, we do not find the error to be so prejudicial as to warrant a reversal. Plain-

tiff's theory was that the patch of ice upon which she fell was caused by the uncontrolled discharge of water from the swale or water pan over the parking area. While it is true that the ordinance in question concerned itself with public streets and sidewalks and that the duty imposed thereunder was one owed to the City by the owner or occupier; yet, it was proper for plaintiff, if she could, to establish the custom, usage and the standard of care required in the construction of downspouts in the city of Columbia, *Schulte v. Graff*, 481 S.W.2d 596, 600 (Mo.App.1972). Here plaintiff pleaded and offered to prove by an expert witness what the custom and the use was on the construction of downspouts in the Columbia area. To reject such an offer was error under the circumstances shown herein, but, in our opinion, such error did not materially affect the merits of the action. Rule 84.13(b), V.A.M.R.

We have examined carefully all other claims of plaintiff pertaining to the introduction of evidence and read her citation in support thereof. In our opinion, none of the claimed errors, if error, would either materially affect the merits or would have any precedential value.

Judgment affirmed.

SMITH, C. J., and GUNN, SIMEONE, CLEMENS, WEIER and RENDLEN, JJ., concur.