**David Robert WALSH,
Plaintiff-Respondent,**

v.

**TABLE ROCK ASPHALT CONSTRUC-
TION CO., a corporation, and Lois Jean
Hale, Individually and as Next Friend of
Stephen Lloyd Hale and David Wayne
Hale, minors, Defendants-Appellants.**

No. 10633.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 25, 1980.

Motion for Rehearing or to Transfer to
Supreme Court Denied March 20, 1980.

Application to Transfer Denied
April 8, 1980.

Robert S. Wiley, Crane, Donald E. Bonacker, Bonacker & Reynolds, Springfield, for plaintiff-respondent.

Lawrence A. Rouse, W. Perry Brandt, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, for defendants-appellants.

ROBERT LEE CAMPBELL, Special Judge.

Plaintiff obtained a verdict and judgment in the sum of $85,000.00 on his claim for personal injuries sustained in a head-on collision with a truck of defendant Table Rock Asphalt Construction Co. (Table Rock). Judgment was also against Table Rock and the individual defendants on their counterclaims for the death of the driver of the truck, for Table Rock's subrogation claim and for property damage to the truck. Defendants appeal. We affirm.

This is the second appeal in this case. After the first trial, a verdict in favor of defendants on their counterclaims was reversed for error in the admission of hearsay statements of the truck driver following the collision. In an exhaustive opinion, we held the statements were not admissible under the spontaneous exclamations exception to the hearsay rule. *Walsh v. Table Rock Asphalt Construction Co.*, 522 S.W.2d 116 (Mo.App.1975). Those interested may refer to the opinion for the facts of the collision.

In this appeal defendants strenuously contend that our former ruling was erroneous and that prejudicial error resulted from the exclusion of the statements of the truck driver. Our prior ruling excluding those statements was eminently correct and the trial court properly refused to permit the introduction of such statements into evidence.

Defendants next contend that the court erred in giving Instructions 2 and 8 for the reason that such instructions deviated from the Missouri Approved Instructions by including plaintiff's name in the instructions. MAI 17.01 (17.13) reads:

"Your verdict must be for plaintiff on plaintiff's claim for damages if you believe:

First, the truck was on the wrong side of the road at the time of the collision, and

Second, the driver was thereby negligent; and

Third, as a direct result of such negligence plaintiff sustained damage."

Instruction 2 as given read:

"Your verdict must be for Plaintiff David Robert Walsh on his claim for damages if you believe:

First, the truck was on the wrong side of the road at the time of the collision; and

Second, Driver Donald Hale was thereby negligent; and

Third, as a direct result of such negligence Plaintiff David Walsh sustained damage, unless you believe Plaintiff is not entitled to recover by reason of Instruction No. 3."

Similarly, Instruction No. 8 as given was, "in favor of Plaintiff David Robert Walsh on his claim for damages," rather than "in favor of plaintiff on plaintiff's claim for damages . . . ." (MAI 4.01).

Defendants claim that the deviations were prejudicial, especially in view of an improper objection during closing argument with reference to plaintiff's father's medical expenses. Plaintiff's father was referred to as "Bob" or "Robert" during the trial. Plaintiff's objection was: "Just a moment. I object to that argument, if the Court please. That is not correct. There is no issue in this case of the parents' medical expenses, but the medical expenses of David, of course, are an issue and we object to this argument for that reason, Your Honor." Defendants concede that the trial court properly overruled this objection, but contend that an element of confusion on damages was injected into the minds of the jurors. Thus, they argue that deviation from MAI was prejudicial and the jury misled thereby.

■ Defendants rely on *Murphy v. Land*, 420 S.W.2d 505, 507 (Mo.1967) and *Brown v. St Louis Public Service Company*, 421 S.W.2d 255 (Mo. banc 1967), in urging that all deviations from the Missouri Approved Instructions are presumptively prejudicial error. While we recognize the absolute necessity for conformity with the wording of the approved instructions, we have reviewed the closing argument and fail to see how any error could have resulted from the inclusion of plaintiff's name in the instructions. In MAI, "How to Use This Book, Use of Terms Plaintiff and Defendant," p. LII, lawyers are specifically permitted to designate the parties by their names. Nevertheless, the names of parties should be used in instructions only to eliminate confusion. In this instance, the trial court was correct in finding no confusion and no prejudicial error.

■ Defendants finally contend that the court erred in permitting plaintiff to give two contributory negligence instructions, one as to Count I of the counterclaim and one as to Count II. Defendants argue that the giving of two contributory negligence instructions is analogous to the giving of two converse instructions on the same theory of recovery, which has been disapproved by the Supreme Court. *Murphy v. Land*, supra. Defendants frankly admit that a challenge to multiple contributory negligence instructions was rejected by the St. Louis Court of Appeals [now Eastern District] in *Demko v. H&H Investment Company*, 527 S.W.2d 382, 388[9] (Mo.App.1975). The better practice would be to submit one contributory negligence instruction; however, such is not required by the Missouri Supreme Court. Here, the trial court did not find prejudicial error. Neither do we.

Plaintiff's motion for damages for frivolous appeal, taken with the case, is denied. We find no error. The judgment is affirmed.

FLANIGAN, P. J., TITUS, J., and BARKER and HENRY, Special Judges, concur.

KEET, Special Judge, recused.