Jack PECK and Ada Peck,
Plaintiffs-Appellants,

v.

Frances R. OLIAN,
Defendant-Respondent.

No. 41340.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 28, 1981.

Samuel A. Goldblatt, St. Louis, for plaintiffs-appellants.

Donald James, St. Louis, for defendant-respondent.

SIMON, Judge.

Plaintiffs, Jack Peck and Ada Peck, husband and wife, brought an action against the defendants, Frances R. Olian and Dawn Cleaners, Inc., for damages resulting from Jack Peck's fall in a shopping center parking lot. Plaintiffs appeal from an adverse jury verdict contending the trial court erred in giving erroneous instructions to the jury. We reverse.

On February 26, 1974 at approximately 7:30 p. m. Jack Peck drove his car to a shopping center located at Olive and Graeser Road in St. Louis County to pick up his cleaning at Dawn Cleaners, Inc. He parked his car in the shopping center parking lot, and as he exited his car and headed toward the cleaners, he stepped in a hole in the parking lot pavement causing him to fall to the ground.

Plaintiffs brought this action against Dawn Cleaners, Inc. as the business proprietor and against Frances R. Olian as the owner of the premises upon which he fell. The action was brought in two counts. Count One sought recovery for medical expenses and personal injury suffered by Jack Peck in the amount of $50,000. In Count Two, Ada Peck sought to recover for her loss of consortium. Dawn Cleaners, Inc. filed a cross-claim against Frances R. Olian alleging that pursuant to a lease entered into between the two defendants, Frances R. Olian maintained control and possession of the parking lot and agreed to be responsible for the general repair and maintenance of the parking lot and other areas of common use. Dawn Cleaners, Inc. also alleged that Frances R. Olian agreed to release it from all damage or injury to the extent that such was covered in a comprehensive public liability insurance policy issued to Frances R. Olian. At the close of their case, plaintiffs dismissed their cause of action with prejudice as to Dawn Cleaners, Inc., and proceeded against Frances R. Olian, the owner of the premises. Defendant, Frances R. Olian, moved for a directed verdict at the close of plaintiffs' evidence and at the close of all the evidence. Both motions were denied. The jury returned a verdict for defendant on both counts. Plaintiffs appeal.

Plaintiffs contend that the trial court erred in giving to the jury Instruction No. 5 which is the converse of plaintiffs' verdict directing instructions and Instruction No. 6, the contributory negligence instruction. Defendant counters with a claim that plaintiffs failed to make a submissible case. If plaintiffs failed to make a submissible case, errors in the instructions requested by Frances R. Olian are harmless. *Shepard v. Ford Motor Company*, 457 S.W.2d 255 (Mo.App.1970). Initially, we shall consider if the plaintiffs made a submissible case.

In determining if plaintiffs made a submissible case, the evidence must be viewed in the light most favorable to them, and defendant's evidence, except as it aids plaintiffs, must be disregarded. *Sydney v. Coca-Cola Company*, 569 S.W.2d 11, 13 (Mo. App.1978). Defendant's contention regarding this point is that plaintiffs failed to prove defendant, Frances R. Olian, owned the property upon which Jack Peck fell and thus did not establish a duty owed by defendant to plaintiffs.

Plaintiffs alleged in their second amended petition that defendant, Frances R. Olian, is the owner of the premises, buildings and land on which Jack Peck was injured. Defendant, Frances R. Olian, refiled her answer to plaintiffs' previous petition denying all allegations of plaintiffs' petition, other than that Dawn Cleaners, Inc. is permitted to do business in the State of Missouri. There is no question that there must be some proof of ownership, operation or control of the premises upon which Jack Peck fell, for the defendant to be held liable for negligence. The issue of ownership was raised by the general denial.

Plaintiffs contend that the testimony of Irving Olian, the defendant's husband, was sufficient evidence of ownership. Mr. Olian testified that the defendant is his wife and that he built the shopping center upon

which Jack Peck was injured. He also testified that he maintains the records of the property, inspects the premises at least once or twice a week and if he notices any defects in the premises he notifies the building manager. On cross-examination of Mr. Olian by the attorney for Dawn Cleaners, Inc., Mr. Olian testified that Dawn Cleaners, Inc. was a tenant by virtue of a lease entered into between Frances R. Olian and Dawn Cleaners, Inc., and that the lease was in effect at the time Jack Peck sustained his injuries. The lease itself, although marked as an exhibit, was never received into evidence. Mr. Olian identified the lease. Although the evidence is not overwhelming, it is sufficient to support a reasonable inference of the defendant's ownership. The plaintiffs made a submissible case.

Plaintiffs' first point on appeal is that the trial court erred in giving Instruction No. 5 which is a converse of plaintiffs' two verdict directing instructions. Plaintiffs' verdict directing instructions are:

### "INSTRUCTION NO. 3

Your verdict must be for plaintiff, Jack Peck, on Count I, and against Defendant, Frances R. Olian, if you believe:

First, there was a defect in the parking area and as a result the parking area was not reasonably safe for customers, and

Second, Defendant knew or by using ordinary care should have known of the existence of this condition, and

Third, Defendant failed to use ordinary care to remedy it, and

Fourth, as a direct result of such failure Plaintiff, Jack Peck, was injured, unless you believe Plaintiff is not entitled to recover by reason of Instruction No. 6.

### "INSTRUCTION NO. 4

Your verdict must be for Plaintiff, Ada Peck, on Count II and against Defendant, Frances Olian, if you believe:

First, there was a defect in the parking area and as a result the parking area was not reasonably safe for customers, and

Second, Defendant knew or by using ordinary care should have known of the existence of this condition, and

Third, Defendant failed to use ordinary care to remedy it, and

Fourth, as a direct result of such failure Plaintiff, Jack Peck, was injured, and as a direct result of such injury Plaintiff, Ada Peck, sustained damages,

unless you believe Plaintiff, Ada Peck, is not entitled to recover by reason of Instruction No. 6."

Defendant's converse instruction, which is a modification of MAI 33.13 is:

### "INSTRUCTION NO. 5

Your verdicts must be for defendant Frances R. Olian and against both plaintiffs if you do not believe each proposition submitted to you in Instruction Numbered 3 and 4."

By this single instruction defendant seeks to converse both verdict directing instructions. Plaintiffs argue that the instruction is prejudicial in that it places the two claims in one category and requires the jury to find for the plaintiffs on both claims or none. As a result, the plaintiffs argue, the following prejudicial result could occur: If the jury does not believe Mrs. Peck sustained any loss of consortium, then Mr. Peck is barred on his claim. We agree.

This court was confronted with the same problem in *Burrow v. Moyer*, 519 S.W.2d 568 (Mo.App.1975). In the *Burrow* case, husband and wife sued defendant in two counts for injuries sustained as a result of an automobile accident. The wife sought damages for her physical injuries and the husband sought recovery for medical expenses and his loss of consortium. Defendant submitted a single converse instruction, which was a modification of MAI 33.02(5). This court affirmed the trial court's grant of a new trial holding that the use of one converse in the form used was error. A lengthy quote from *Burrow v. Moyer, supra*, at 572–573, would be instructive:

"Here, as said, defendant was seeking to converse both negligence *and* damages.

As such, the case of *Wyatt v. Southwestern Bell Telephone Company*, 514 S.W.2d 366 (Mo.App.1974), decided after the trial of this case, contains an excellent analysis of the issue of when two converse instructions are proper. As said in *Wyatt*, 'The rules prohibiting the use of two converse instructions directed at multiple verdict-directors do not apply where multiple parties relying on the same theory of recovery have damage submissions which differ.' The court goes on to cite language from the MAI Notes on Use (adopted after this case was tried) which say, 'When multiple parties submit the same theory of recovery . . . but an additional element of proof is necessary to establish such recovery . . . by one or more of such parties, then an additional converse instruction may be submitted to meet such additional element of proof.' If the verdict directing instruction for the wife includes an additional finding of damages to her, then the defendant may submit an additional converse to meet the issue of the wife's damages. *Wyatt, supra*, at 370."

We hold that defendant's converse was confusing, misleading and prejudicial. See *Mayberry v. Clarkson Construction Company*, 482 S.W.2d 721 (Mo.1972). Our disposition of this issue requires that the judgment be reversed and the cause remanded for a new trial.

Additionally, we shall address plaintiffs' second point because of the likelihood that it may recur on remand. Plaintiffs contend that the trial court erred in the giving of Instruction No. 6, defendant's contributory negligence instruction. Plaintiffs argue that the error was twofold in that the evidence did not support the giving of the instruction and the instruction failed to require the jury to find that Jack Peck acted or failed to act with knowledge and appreciation of the danger of injury. We find there was sufficient evidence to support the submission of a contributory negligence instruction to the jury, and, the evidence adduced at trial shows that the element of knowledge was not required to be submitted in the instruction.

The trial court gave to the jury Instruction No. 6 (MAI 32.01(1) and 11.02(1) submitted by defendant, Frances R. Olian):

### "INSTRUCTION NO. 6

Your verdict must be for defendant Frances R. Olian on Counts I and II if you believe:

First, plaintiff Jack Peck failed to keep a careful lookout, and

Second, plaintiff Jack Peck was thereby negligent, and

Third, such negligence of plaintiff Jack Peck directly caused or directly contributed to cause any damage plaintiffs may have sustained.

The term "negligence" as used in this instruction means the failure to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances."

The evidence which supports the submission of defendant's contributory negligence is found primarily in the testimony of Jack Peck himself. He testified that immediately prior to his fall, he was walking through the parking lot heading directly toward the cleaners. He was looking straight ahead because he had no reason to look to the ground, although his eyes may have turned to the ground occasionally. There was nothing blocking Mr. Peck's vision as he approached the hole. He did not see the hole before he walked into it, but after he fell and upon returning to his car from the cleaners he was able to see the depression in the asphalt. Mr. Peck testified that although it was dark and drizzling, the lighting in the parking lot was such that the hole was visible to him inasmuch as he was looking for it. He also testified that had he seen the hole prior to his fall, he would not have walked into it, but would have walked around it. There was also expert testimony from which the jury could conclude that the parking lot was well lighted.

The rule is that where a duty to look exists, it is contributory negligence to fail to see what is plainly visible. *Fehl-*

*baum v. Newhouse Broadcasting Corporation,* 483 S.W.2d 664, 665 (Mo.App.1972). Although plaintiff was not required to peer down at the paving in front of him at each step, for he had no reason to anticipate the danger, he was required to look as he walked, as an ordinarily careful and prudent person would under the circumstances. *Cunningham v. Bellerive Hotel, Inc.,* 490 S.W.2d 104, 107 (Mo.1973). Jack Peck admitted that he did not see the hole before he walked into it, and the jury could have found from the evidence that an ordinarily careful and prudent person under similar circumstances would have seen the hole in the asphalt, and thus avoided his injury.

■ Plaintiffs also contend that Instruction No. 6 was prejudicially erroneous in failing to require the jury to make a finding that plaintiff acted or failed to act with knowledge and appreciation of the danger of injury. Plaintiffs' argument on this issue misinterprets the law as is evident by their reliance on *Davidson v. International Shoe Company,* 427 S.W.2d 421 (Mo.1968) and *Koirtyohann v. Washington Plumbing and Heating Company,* 471 S.W.2d 217 (Mo. 1971).

Plaintiffs' misplaced reliance on those cases is revealed upon a careful analysis of *Fehlbaum v. Newhouse Broadcasting Corporation,* 483 S.W.2d 664 (Mo.App.1972). There, plaintiff fell on a step while attending a television show. Plaintiff made a similar attack on the contributory negligence instruction as the plaintiffs do here. The court stated:

> Plaintiff's reliance on *Davidson v. International Shoe Company,* Mo., 427 S.W.2d 421, is misplaced. There, the plaintiff stepped on a step which tilted causing the fall. There was no evidence that had plaintiff looked he would have been aware of the danger of the step tilting. That is not the case here, for had plaintiff looked she could hardly have failed to appreciate the danger.

In *Koirtyohann v. Washington Plumbing and Heating Company, supra,* decedent was killed when the trench in which he was working caved in. The court found that

the contributory negligence instruction was erroneous in not requiring a finding that the deceased acted or failed to act with knowledge and appreciation, actual or constructive, of the danger of injury which his conduct involved.

The distinction drawn by these cases indicates that if, as in *Davidson* and *Koirtyohann,* the plaintiff could look and see the general condition but still not be alerted to the danger from which the injury arose, the contributory negligence instruction requires a finding of knowledge and appreciation of the danger. If, on the other hand, as in *Fehlbaum,* the plaintiff could look and see the general condition and be alerted to the danger from which the injury arose, knowledge and appreciation of the danger is not a required element of the instruction. *Fehlbaum v. Newhouse Broadcasting Corporation, supra,* at 666.

As already indicated the record shows Mr. Peck testified that had he seen the hole he would not have walked into it. The hole was visible and nothing blocked his vision as he approached it. We therefore find that the instruction was properly given.

Judgment reversed and remanded.

SMITH, P. J., and SATZ, J., concur.