Mary BRIDGMAN and Archie Bridgman, Appellants,

v.

NATIONAL SUPER MARKETS, INC., Respondent.

No. 41447.

Missouri Court of Appeals, Eastern District, Division No. 4.

May 19, 1981.

Floyd & Roskin, Inc., B. Michael Korte, Clayton, for appellants.

Kim Roger Luther, St. Louis, for respondent.

SMITH, Judge.

Plaintiffs appeal from a judgment against them on a jury verdict in a sit and fall case. Plaintiff Mary Bridgman, while shopping in defendant's store, saw an item for sale which she believed to be a sturdy stool and which carried no markings or warnings. Defendant's evidence was that the item was a patio table clearly marked as such and obviously not intended for sitting. Plaintiff testified she sat on the "stool" to see if it was comfortable at which time it collapsed resulting in injury to her hip and back. On her deposition plaintiff testified that she sat on the stool to see if it would support her weight (190 lbs.). Plaintiff, Archie Bridgman, sought damages for loss of consortium. The verdict was for defendant. Defendant has filed no brief in this court.

Plaintiffs attack several of the instructions. We need reach only one. Instruction 9, the contributory negligence verdict-directing instruction, read as follows:

"Your verdict must be for Defendant if you believe:

First, Defendant had a patio table for sale to the public on its premises, and

Second, Plaintiff knew or by using ordinary care could have known that it was a patio table,

Third, Plaintiff's conduct in the respect submitted in paragraph second was negligent, and

Fourth, such negligence of Plaintiff directly contributed to cause any damages Plaintiffs may have sustained."

The instruction is erroneous for at least three reasons. First, it omits the mandatory "and" between paragraphs second and third. See, MAI 32.01, Motsinger v. Queen City Casket Co., 408 S.W.2d 857 (Mo.1966).

Second, it fails to hypothesize any conduct which could constitute negligence. Knowing, actually or constructively, that something is a patio table could not be negligence. There should have been an additional paragraph hypothesizing some action by plaintiff which could constitute negligence, such as sitting on the table. Third, the instruction does not require that the jury find that plaintiff was aware of or had knowledge of any potential danger from her actions. Koirtyohann v. Washington Plumbing & Heating Co., 471 S.W.2d 217 (Mo.1971); Davidson v. International Shoe Co., 427 S.W.2d 421 (Mo.1968).

Judgment reversed and cause remanded for new trial.

SATZ, P. J., and SIMON, J., concur.