Lula Irene MAYBERRY et al., Plaintiffs-Respondents,

v.

CLARKSON CONSTRUCTION COMPANY, Defendant-Appellant.

No. 55596.

Supreme Court of Missouri,
Division No. 2.

July 17, 1972.

Robert K. Ball II, Ben W. Swofford, Phillip L. Waisblum, Kansas City, for plaintiffs-respondents; Swofford & Waisblum, Kansas City, of counsel.

Karl F. Schmidt, John E. Morrison, Morrison, Hecker, Cozad, Morrison & Curtis, Kansas City, for defendant-appellant.

HENLEY, Judge.

This is an action by a husband and wife for damages aggregating $80,000 for personal injuries of each and for loss of consortium each allegedly sustained when their automobile left the paved portion of an interchange being constructed by defendant at an intersection of two major highways and plunged into a ditch. Verdict and judgment were for defendant. The trial court sustained plaintiffs' motion and granted them a new trial on the ground of misconduct of a juror and intentional concealment on voir dire by other jurors. Defendant appeals from that order. We affirm, not for the reasons assigned by the trial court, but for error in the giving of an instruction.

Plaintiffs' petition is in two counts. Count I is for Mrs. Mayberry's damages for (1) her injuries, and (2) her loss of consortium of Mr. Mayberry as a result of his injuries. Count II is for Mr. Mayberry's damages for (1) his injuries, and (2) his loss of consortium of Mrs. Mayberry as a result of her injuries. The petition alleges that on and prior to the date of the accident (November 26, 1965) defendant, under a contract with the State Highway Commission, was engaged in the construction of new U. S. 71 By-pass (hereinafter I–470) south of its intersection with U. S. Highway 40 (hereinafter Highway 40) and an on-ramp for east-bound traffic leaving Highway 40 to travel south on I–470; that at their intersection, I–470, a four-lane divided highway running generally north-south, crosses Highway 40, an east-west four-lane divided highway, above the grade of the latter; that immediately north of the intersection, I–470 and an off-ramp for its south-bound traffic is partially completed and open to traffic; that south-bound traffic desiring to reach old 71 By-pass south of the intersection must take the off-ramp at this point, cross the two north lanes and median strip of Highway 40 and turn left onto its two south lanes for east-bound traffic; that on and prior to the date of this accident defendant was preparing the area immediately south of Highway 40 and west of I–470 for the construction of the on-ramp leading from the east-bound lanes of Highway 40 to I–470, and in the process of preparation had cut back and away a rock bluff and was leveling and grading the right-of-way area and roadbed for the on-ramp; that a hole was excavated in this area on the south side of and adjacent to Highway 40 which was directly in front of vehicles traveling south on the off-ramp; that this hole constituted a dangerous hazard to south-bound motorists on the I–470 off-ramp who desired to reach and continue south on old 71 By-pass; that on the date mentioned Mr. Mayberry, with Mrs. Mayberry as his passenger, drove south down the off-ramp, crossed Highway 40, and, as a result of the negligence of defendant, plunged into this hole. The negligence pleaded and submitted was that defendant created or maintained the hole and failed to exercise ordinary care to barricade it or warn south-bound motorists of its existence and danger.

Defendant contends the court erred in granting plaintiffs a new trial on the ground of misconduct of jurors because

(1) the evidence on which the court based that ruling, admitted over defendant's objection, came from members of the jury who may not be heard to impeach their verdict, and the evidence was, therefore, inadmissible and the court erred in admitting it; (2) the alleged misconduct of the jurors was not shown to have been prejudicial to plaintiffs; and (3) the testimony of the jurors, other than those alleged to have engaged in misconduct was hearsay and, therefore, inadmissible. Defendant also contends that the court erred in failing to direct a verdict in its favor, because (1) plaintiffs failed to plead or prove that defendant was legally obligated to place a barricade at the point where their automobile left the highway or warn them of the alleged danger; (2) plaintiffs failed to prove that defendant's acts or omissions were the proximate cause of their injuries; and (3) plaintiff Luther Mayberry was guilty of contributory negligence as a matter of law.

We consider the second contention first. There was substantial evidence from which the following could be found as fact. On the morning of November 26, 1965, at about 5 o'clock, before daylight, Mr. and Mrs. Mayberry were returning from a visit in Minnesota to their home at Louisburg, Missouri, driving south on I–470. Mr. Mayberry was driving; Mrs. Mayberry asleep. As they approached the overpass across Highway 40, Mr. Mayberry saw ahead a barrel-type barricade extending across the roadway north of the overpass with arrows directing traffic to turn off to the right down a ramp. He reduced his speed to 25 or 30 miles per hour by the time he reached the ramp, drove onto the ramp, continued to reduce his speed, and was traveling 10 or 12 miles per hour when he reached the north edge of Highway 40. As he proceeded down the ramp he saw that the intersection was controlled by an overhead traffic signal light, that the light was green for south-bound traffic, and a highway sign on the right indicated by an arrow that old 71 By-pass was straight ahead. He turned his lights on lowbeam and, looking ahead, saw, when he reached the bottom of the ramp, what appeared to him to be an area directly across Highway 40 where old 71 By-pass continued straight ahead to the south. After reaching the north lanes of Highway 40, he accelerated his speed and continued straight ahead, but as he was about to cross the south lanes he realized, too late, that what he had seen before was deceptive, that old 71 By-pass did not continue directly ahead, but that that area was under construction. He immediately applied his brakes and turned left, but the momentum of his automobile carried it off the highway, across the shoulder, and into the hole causing injuries to Mrs. Mayberry and him.

There was also substantial evidence from which the following could be found as fact. That the hole excavated south of the shoulder of Highway 40 was created by defendant to facilitate its preparation of the right-of-way and the construction of the on-ramp; that the hole is dangerous and the physical makeup of the area as viewed by a south-bound traveler at night is highly deceptive and, therefore, hazardous to a motorist seeking the continuation of old 71 By-pass south; that defendant knew or should have known of this hazard through the occurrence of several recent accidents (beginning November 21, 1965) in which other south-bound motorists ran off the highway and into this hole; that the situation as it existed at this interchange reasonably required that a barricade be erected at this point or other signs be posted timely warning the traveling public that the highway did not continue straight ahead to the south at this point, as it appeared, but that south-bound motorists had to make a sharp turn to their left, and the danger thereof; that defendant could have under its contract with the Highway Commission, and should have, erected a movable barricade with flashing lights for nighttime warning on or near the south shoulder of Highway 40 opposite the end of the I–470 off-ramp, and could

and should have installed other warning devices within the interchange, but negligently failed to do so.

■ The recitation of the facts which could have been found demonstrates that the court did not err in failing to direct a verdict for defendant for any of the reasons it relied upon. Treon v. City of Hamilton, Mo., 363 S.W.2d 704; Eidson v. Dean Construction Co., Mo.App., 233 S. W.2d 820, 824 [8, 9].

■ We consider next defendant's contention that the court erred and abused its discretion in granting plaintiffs a new trial on the ground that certain jurors were guilty of misconduct. Briefly, there was evidence and offers of proof by plaintiffs, the substance of which was (1) that two jurors failed to answer truthfully questions on voir dire as to their qualifications, and (2) that after the jury had retired to deliberate, one juror went to the scene of the accident during a recess, took measurements and made certain experiments, and furnished the information thus acquired to his fellow jurors on their return to the jury room. This evidence, relied upon by plaintiffs to support the court's action, came from jurors over defendant's objection. The evidence was inadmissible, because a juror may not, over objection, be heard to impeach his and the jury's verdict. The court erred in admitting the evidence, should not have considered it, and, therefore, abused its discretion in granting a new trial based on this evidence. Romandel v. Kansas City Public Service Co., Mo., 254 S.W.2d 585, 595 [26, 27]; Davis v. Kansas City Public Service Co., Mo. banc, 233 S.W.2d 669, 676 [6]; Smugala v. Campana, Mo., 404 S.W.2d 713, 717 [7–11]; Baumle v. Smith, Mo., 420 S. W.2d 341, 348 [15–17]; McDaniel v. Lovelace, Mo., 439 S.W.2d 906, 909 [3, 4]; Thorn v. Cross, Mo.App., 201 S.W.2d 492, 496–497 [5, 6]; Cook v. Kansas City, Mo., 358 Mo. 296, 214 S.W.2d 430, 433–434 [7–11]. Plaintiffs make another, and rather novel, contention as to the significance of this evidence. They assert that the action of the juror who secured outside evidence and brought it into the jury room, and the acceptance and discussion of that information by the other jurors was an offense by all against the administration of justice, § 557.120, RSMo 1969 and V.A.M.S., and that this so corrupted the jury as to render its verdict void. No authority is cited in support of this contention and we find none. Our view is that the cases listed above, holding that this evidence is inadmissible to impeach the verdict, are controlling. We rule this contention against plaintiffs.

Having held that the trial court erred in sustaining plaintiffs' motion for new trial on the grounds specified by it, we look to the other grounds of the motion briefed by plaintiffs which they say will support the action of the trial court in granting them a new trial. Overton v. Tesson, Mo., 355 S. W.2d 909, 913 [5]; State ex rel. Sturm, et al. v. Allison, Mo. (banc), 384 S.W.2d 544, 547 [4].

Plaintiffs contend that the following ground, asserted in their motion for new trial, is sufficient to support the trial court's order: that the court erred in giving instruction No. 11, because it jointly and conjunctively conversed both of the separate claims of Luther Mayberry with the separate claim of Mrs. Mayberry for the loss of his services and was, therefore, misleading and a misdirection.

Instruction No. 11, tendered by defendant, is as follows:

"Your verdict must be for defendant Clarkson Construction Company on Lula Mayberry's claim for loss of services and Luther Mayberry's claims on Count II unless you believe each proposition submitted to you in Instructions Nos. 8, 9 and 10. (MAI 33.13—Modified)"

Instruction 8 was the verdict-director submitting Lula Mayberry's claim for loss of services of Mr. Mayberry, and instructions 9 and 10 were, respectively, separate ver-

dict-directors submitting Luther Mayberry's claim for personal injuries and his claim for loss of services of Mrs. Mayberry. Paragraphs First through Fourth of instructions 8, 9 and 10 were identical, except for a change in the second paragraph of No. 10 to reflect that the danger was to a person using ordinary care while riding as a passenger, and are as follows:

"First, defendant created or maintained a ditch or excavation close to a public highway, and

"Second, that such ditch or excavation was so close to a public highway that persons driving vehicles using the highway, in the exercise of the highest degree of care, were exposed to a danger of driving into the ditch or excavation, and

"Third, defendant knew or should have known of such danger, and

"Fourth, defendant failed to use ordinary care to barricade it or warn of it, and
" * * *."

The opening and fifth paragraphs of each instruction stated which claim of which plaintiff the jury was to consider. The fifth paragraph of each was as follows:

"Instruction No. 8

"Lula Mayberry: Loss of Mr. Mayberry's Services

"Fifth, as a direct result of such failure, plaintiff Luther Mayberry was injured and as a direct result of such injury plaintiff Lula Irene Mayberry sustained damages, unless you believe that plaintiff Luther Mayberry is not entitled to recover by reason of Instruction No. 12"

"Instruction No. 9

"Luther Mayberry: Personal Injuries

"Fifth, as a direct result of such failure, plaintiff Luther Mayberry was injured, unless you believe he is not entitled to recover by reason of Instruction No. 12."

"Instruction No. 10

"Luther Mayberry: Loss of Mrs. Mayberry's Services

"Fifth, as a direct result of such failure plaintiff Lula Irene Mayberry was injured and as a direct result of such injury plaintiff Luther Mayberry sustained damages, unless you believe that plaintiff Luther Mayberry is not entitled to recover by reason of Instruction No. 12"

Plaintiffs assert that instruction 11 means that before any of the claims referred to in it (i. e., for Mr. Mayberry's personal injuries and loss of Mrs. Mayberry's services and for Mrs. Mayberry's loss of his services) could be allowed, the jury must believe *each and all propositions* submitted in instructions 8, 9 and 10. Plaintiffs contend that this is a reasonable interpretation of the instruction, and, if followed by the jury, one or more of the following prejudicial results would occur:

(a) If the jury does not believe that Mrs. Mayberry sustained any loss of services (instruction 8) then Mr. Mayberry is barred on both of his claims; or

(b) If the jury does not believe that Mr. Mayberry sustained any personal injury (instruction 9) then he is barred on his claim for loss of her services; or

(c) If the jury does not believe that Mr. Mayberry sustained any loss of services (instruction 10), then he is barred on his claim for his personal injuries and Mrs. Mayberry is barred on her claim for loss of his services.

Defendant contends that instruction 11 merely conversed in one instruction more than one verdict-directing instruction; that a logical reading of the instruction would be that the jury must find for defendant on Mrs. Mayberry's claim for her loss of services of Mr. Mayberry unless they believe each proposition in instruction 8;

that the jury must find for defendant on Mr. Mayberry's claim for personal injuries unless they believe each proposition in instruction 9; and, that the jury must find for defendant on Mr. Mayberry's claim for his loss of services of Mrs. Mayberry unless they believe each proposition in instruction 10. The fallacy in this contention is that to find for Mrs. Mayberry under instruction 8 the jury is not limited to believing only the requirements of that instruction; the jury is required by instruction 11 to believe not only the propositions submitted in instruction 8, but is also required to believe " * * * each proposition submitted * * * in instructions * * * 9 and 10", including those in the fifth paragraphs. To find for Mr. Mayberry under instruction 9 the jury is not limited to believing only the requirements of that instruction; the jury is required by instruction 11 to believe not only the propositions submitted in instruction 9, but is also required to believe " * * * each proposition submitted * * * in instructions 8 * * * and 10", including those in the fifth paragraphs. To find for Mr. Mayberry under instruction 10 the jury is not limited to believing only the requirements of that instruction; the jury is required by instruction 11 to believe not only the propositions submitted in instruction 10, but is also required to believe " * * * each proposition submitted * * * in instructions 8 [and] 9 * * *", including those in the fifth paragraphs. For example, as to instruction 8, the law does not limit Mrs. Mayberry's right to recover for loss of Mr. Mayberry's services on whether or not she was injured or that he sustained damages as a result of her injury, yet instruction 11 would require the jury to believe exactly that.

■ We conclude that instruction 11 was confusing, misleading and erroneous and, therefore, the trial court erred in not granting a new trial on this point. The instruction places the three claims mentioned in the instruction in one category and tells the jury that either the plaintiffs are to recover on all three, or on none, "unless you believe each proposition submitted to you in Instructions Nos. 8, 9 and 10".

■ Defendant contends that Murphy v. Land, Mo., 420 S.W.2d 505, 507, limited it to giving only one converse instruction where, as here, two plaintiffs submit on the same theory of recovery. See also Scheele v. American Bakeries Company, Mo., 427 S.W.2d 361, 363 [1]; Nugent v. Hamilton & Son, Inc., Mo., 417 S.W.2d 939. Defendant is limited to tendering one converse in this case and he may be entitled to tender a general converse, but general converse 33.13 found in MAI, second edition, page 371, obviously cannot be adapted or modified so as to be used where, as here, there are multiple claims by multiple plaintiffs. There is no MAI general converse instruction applicable to this situation, but MAI 33.02(2) may, until the court's committee on jury instructions recommends and the court approves another instruction, be modified to converse every element in a case involving multiple plaintiffs. It lends itself more readily to accurate modification than does MAI 33.- 13. See Illustrations, 35.05, pp. 404–407, Instruction No. 5 (MAI 33.02(2) Modified).

Other errors assigned by plaintiffs are not likely to arise in another trial, but we suggest that the court and the parties examine and consider carefully the forms of verdict in light of plaintiffs' objection to instruction 18.

The order of the trial court granting plaintiffs a new trial is affirmed and the cause is remanded.

DONNELLY, J., concurs.

MORGAN, P. J., concurs in result only.