**Mildrew Gean BROWN, a minor, by Beulah Mae Duncan, Mother and Next Friend, Appellant,**

**v.**

**The JONES STORE, a corporation, and Charles Sartain, an individual, Respondents.**

**No. KCD 26111.**

Missouri Court of Appeals, Kansas City District.

March 5, 1973.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 2, 1973.

Richard L. Colbert, Kansas City, for appellant.

A. Warren Francis, Kansas City, for respondents.

Before SWOFFORD, P. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

Plaintiff brought her petition in two counts, for false arrest and for malicious prosecution, against the defendant The Jones Store and Charles Sartain, security officer for the defendant department store. Judgment was entered upon the jury verdict in favor of the defendants on both counts and the plaintiff appeals.

A brief résumé of the evidence only is needed to bring into relief the allegations of error made by the plaintiff. The plaintiff was observed by the defendant security officer coming alone into the coat department of the store carrying a sack. In the presence of a saleswoman, she removed a coat from a circular display rack and put it on. The saleswoman left to answer a telephone located behind a wall nearby. The plaintiff glanced in the direction of the telephone to which the saleswoman had gone, reached for her bag and coin purse from atop the circular rack where she had placed them, and left with the display coat still on. The plaintiff then moved towards the elevator in frantic haste, found the doors closed, then went through the dress department to the down escalator, an unspecified distance away, yanking the tags from the right sleeve of the coat as she did. The abbreviated transcript contains no further narrative of the evidence, either as to the acts of false arrest or the malicious prosecution alleged, but no more is needed to determine the questions presented on this appeal.

The plaintiff first complains that the trial court improperly received into evidence three photographic exhibits of the interior of the defendant The Jones Store depicting display racks, the coat department and the locus of the down elevator because there was no showing the photographs were fair and accurate representations of the objects as they appeared at the occurrence in dispute. Specifically, plain-

tiff contends that since one of the principal issues litigated was the distance from the coat department to the down escalator, and since it was shown by the defendants' testimony that the display racks were movable, the photographic exhibits which undertook to fix these objects in relation to each other could not be received without a showing that the photographs depicted reasonable appearances of the physical arrangement existing at the time of the events in issue.

When the defendants first tendered these photographs as exhibits, the trial court excluded them as evidence, in the absence of further qualification, upon objection made by the plaintiff that a foundation had not been laid as to when the photographs were taken, who took them, and "whether or not there had been any material change in the layout" during the intervening year. The defendants went on to make a showing that the physical structure depicted in the photographs was the same and that the only thing that had changed was the merchandise on the racks and thereupon reoffered the three exhibits. They were received in evidence by the court without further objection from the plaintiff. These photographs were thereafter used extensively by both counsel in further examination of the witness, defendant Sartain. The contention the plaintiff now makes that the exhibits were not fully qualified as lawful evidence was waived by her failure to raise it by a timely objection, with stated grounds and an appropriate request for relief, at the time the photographs were reoffered. A reviewing court will not consider objections to evidence raised for the first time on appeal and will not convict the trial court of an error it was given no opportunity to correct. Stahlheber v. American Cyanamid Company, Mo., 451 S.W.2d 48,

61(7); Stafford v. Lyon, Mo., 413 S.W.2d 495, 498(3).

The plaintiff submitted against both defendants two theories of recovery, false arrest by Instruction No. 2 and malicious prosecution by Instruction No. 5. The defendants joined in submitting Instruction No. 3 which conversed the false arrest submission and Instruction No. 6 which conversed the malicious prosecution submission. The plaintiff contends that MAI does not authorize such a dual converse submission but rather, citing Nugent v. Hamilton & Sons, Inc., Mo., 417 S.W.2d 939, 941(2), that "only one converse instruction may be given for each verdict directing instruction". The corollary of this rule of MAI, however, is the further direction found in Notes on Use, Converse Instructions, MAI 33.02 (Second Edition) p. 356:

> "When plaintiff submits two separate verdict directing instructions, defendant may converse each such submission with any of the approved converse instruction forms. Defendant may give only *one* converse for each verdict directing instruction."

This guide is repeated under Notes on Use, MAI 33.03, p. 358 and MAI 33.04, page 360.

The argument plaintiff makes overlooks that false arrest and malicious prosecution are different wrongs, that each cause of action requires a separate factual proof, and each submits a distinctive theory of recovery which, if found, results in separate judgments in redress of each wrong. Schwane v. Kroger Company, Mo.App., 480 S.W.2d 113, 117(4, 5); Prosser, Law of Torts, (4th Edition), p. 49 and pp. 834 et seq.[1] MAI recognizes the separate identity of each of these causes of ac-

1. Since it is a basic precept of tort law that there can be only one redress for each wrong, where the claims for false arrest and malicious prosecution arise from the same factual occurrence or transaction, the causes of action merge and the plaintiff is properly put to his election between those remedies. Schwane v. Kroger Company, *supra*, 480 S.W.2d l. c. 117(4, 5). No contention of merger is raised on this appeal.

tion and authorizes the submission of false arrest or imprisonment by pattern 23.04 and for the submission of malicious prosecution by pattern 23.07, the exemplars adopted by the plaintiff for her verdict directors.

 We have noted that Nugent v. Hamilton & Sons, Inc., supra, l.c. 941, construes MAI to give the positive direction that only one converse instruction may be given for each verdict directing instruction. Frazier v. Ford Motor Company, 365 Mo. 62, 276 S.W.2d 95, 102(7). This rule also limits the defendant to one converse of multiple verdict directing instructions which, except for designation of the plaintiff, are replicas and submit the same theory of recovery—as in a claim for loss of services. Murphy v. Land, Mo., 420 S.W. 2d 505, 507(2). Where the plaintiff submits multiple theories of recovery, however, the defendant may converse each such submission, but is allowed only one converse for each verdict directing instruction. Notes on Use, MAI 33.02, 33.03 and 33.04 (Second Edition). And where there are multiple defendants and the theory of plaintiff's submission is the joint liability of defendants, if at all, then the defendants are jointly entitled to one converse of a verdict directing instruction. Scheele v. American Bakeries Company, Mo., 427 S. W.2d 361, 363(1).

The plaintiff sought judgment against the defendants The Jones Store and Sartain on each count on the principle of respondeat superior and framed her verdict directing and form of verdict instructions in such a manner as to require the jury to find against both defendants jointly or neither of them. Under the authorities we have cited, the defendants were authorized, as they did, to jointly converse each of the two theories of recovery submitted by the plaintiff.[2]

In the course of her exposition of this point, plaintiff has attempted to claim error in the submission of Instruction No. 6, the defendants' joint converse to the plaintiff's malicious prosecution submission, Instruction No. 5. The plaintiff contends that Instruction No. 6, an affirmative converse, is argumentative, verbose and encumbered with evidentiary details in violation of Rule 70.02, V.A.M.R. This allegation of error was not raised during the trial or preserved in the motion for new trial and cannot be considered for the first time on this review. Rules 79.01 and 79.03. See also Rule 70.02.

The judgment is affirmed.

All concur.

---

2. Scheele v. American Bakeries Company, Mo., 427 S.W.2d 361, 363(1) suggests that where joint liability is predicated on *respondeat superior* and agency is sub-

mitted as a disputed issue, the defendants will be permitted to converse that issue separately.