SAVEWAY OIL COMPANY, Edgar
Barnhill and Nadine Barnhill,
Respondents,

v.

SEARS, ROEBUCK AND COMPANY
and Arvin Industries, Inc.,
Appellants.

No. 10569.

Missouri Court of Appeals,
Springfield District.

Dec. 19, 1977.

Motions for Rehearing or Transfer
Denied Jan. 11, 1978.
Application to Transfer Denied
Feb. 8, 1978.

Kenneth L. Dement, Sikeston, for appellants.

Stephen E. Strom, Finch, Bradshaw, Strom & Steele, Cape Girardeau, Weber Gilmore, Gilmore & Gilmore, Sikeston, for respondents.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

FLANIGAN, Judge.

This products liability action arose out of a fire which occurred on February 11, 1974, at Wyatt, Missouri. The plaintiffs are Saveway Oil Company, a Missouri corporation, and Edgar Barnhill and his wife Nadine. Saveway, the owner of the premises on which the fire occurred, sought recovery for damages to a building and loss of rentals. The Barnhills, tenants of Saveway, operate a service station, a tire store, a restaurant and a motel on the leased premises. They sought recovery for loss of personal property located on the premises and for loss of business profits.

The Barnhills sublet a portion of the premises to Louise Moreton. Louise owned a space heater which she had purchased from defendant Sears, Roebuck and Company and which had been manufactured by defendant Arvin Industries, Inc. Plaintiffs' trial theory was that the fire resulted from Louise's use of a "common household extension cord" in connecting the heater to an electrical outlet. Such use allegedly caused the extension cord and the heater cord to overheat and to ignite papers on a desk across which a portion of the heater cord was lying. Each defendant was charged with negligence in failing to warn of the danger of such use.

The jury found the issues in favor of both defendants and against the three plaintiffs. Neither defendant contends that any plaintiff failed to make a submissible case against it.

[1] One of the grounds contained in plaintiffs' motion for new trial was that the trial court erred "in giving instructions numbered 3, 5, 7 and 9 in that the giving thereof violated the MAI prohibitions against the giving of multiple converse instructions, to the prejudice of plaintiffs." The trial court granted the new trial and its order specified that it was granted on the quoted ground and on a second ground. If either ground was a valid basis for the order, the latter must be affirmed. *State v.* *Klipsch,* 414 S.W.2d 783, 786[4] (Mo.1967); *Bertram v. Wunning,* 417 S.W.2d 120, 124[1] (Mo.App.1967). This court holds that the quoted ground was not a valid one. The second ground will receive discussion later.

Four verdict-directing instructions were submitted to the jury, two at the instance of plaintiff Saveway (Instruction No. 2 against defendant Sears and Instruction No. 4 against defendant Arvin) and two at the instance of the plaintiffs Barnhill (Instruction No. 6 against defendant Sears and Instruction No. 8 against defendant Arvin).

Defendant Sears gave two converse instructions, one (Instruction No. 3) directed against Instruction No. 2 and the other (Instruction No. 7) directed against Instruction No. 6.

The two verdict-directing instructions against defendant Sears, and the latter's two converse instructions respectively directed thereto, read as follows:

Instruction No. 2

Your verdict must be for Plaintiff Saveway against Defendant Sears if you believe:

First, Defendant Sears sold the heater to the public as its own product, and

Second, the heater if used with a common household extension cord was likely to cause the extension cord and the heater cord to overheat and the heater if so used was thereby dangerous to property in the vicinity of its probable use while it was being used in the manner and for the purpose intended, and

Third, Defendant Sears knew or by using ordinary care could have known of this danger, and

Fourth, Defendant Sears knew or by using ordinary care could have known that some persons were likely to use the heater with a common household extension cord unless warned of this danger, and

Fifth, Defendant Sears failed to give an adequate warning of this danger to users of the heater, and

Sixth, Defendant Sears was thereby negligent, and

Seventh, while the heater was being used in the manner and for the purpose intended with a common household extension cord, Plaintiff Saveway was damaged as a direct result of such dangerous use.

### Instruction No. 3

Your verdict must be for defendant Sears, Roebuck and Co., on plaintiff Saveway Oil Co's. claim for damages unless you believe that defendant Sears, Roebuck and Co., was negligent as submitted in Instruction No. 2 and that plaintiff, Saveway Oil Co. sustained damage as a direct result thereof.

### Instruction No. 6

Your verdict must be for plaintiff, Edgar Barnhill and Nadine Barnhill against defendant Sears if you believe:

First, defendant Sears sold the heater to the public as its own product, and

Second, the heater if used with a common household extension cord was likely to cause the extension cord and the heater cord to overheat and the heater if so used was thereby dangerous to property in the vicinity of its probable use while it was being used in the manner and for the purpose intended, and

Third, defendant Sears knew or by using ordinary care could have known of this danger, and

Fourth, defendant Sears knew or by using ordinary care could have known that some persons were likely to use the heater with a common household extension cord unless warned of this danger, and

Fifth, Defendant Sears failed to give an adequate warning of this danger to users of the heater, and

Sixth, defendant Sears was thereby negligent, and

Seventh, while the heater was being used in the manner and for the purpose intended with a common household extension cord, plaintiffs, Edgar Barnhill and Nadine Barnhill, were damaged as a direct result of such dangerous use.

### Instruction No. 7

Your verdict must be for defendant Sears, Roebuck and Co., on plaintiffs Edgar Barnhill and Nadine Barnhill's claim for damages unless you believe that defendant Sears, Roebuck and Co. was negligent as submitted in Instruction No. 6 and that plaintiffs Edgar Barnhill and Nadine Barnhill sustained damage as a direct result thereof.

Paragraphs First, Second, Third, Fourth, Fifth and Sixth of Instruction No. 6 are identical with the similarly numbered paragraphs of Instruction No. 2. The two instructions differ only in that Instruction No. 2 names plaintiff Saveway in its introductory clause and in paragraph Seventh while Instruction No. 6 names plaintiffs Edgar Barnhill and Nadine Barnhill in its introductory clause and paragraph Seventh.

Plaintiffs contend that the giving of Instruction Nos. 3 and 7, at the instance of defendant Sears, was error because Saveway and the Barnhills submitted the same theory of recovery against Sears and, that being the situation, say plaintiffs, Sears was entitled to only one converse instruction even though Saveway and the Barnhills submitted separate verdict-directing instructions against Sears.

Instruction No. 3 and Instruction No. 7 were, according to defendant Sears, based on MAI 33.03(5), which converses "damages and causation." It is one of five instructions set forth in MAI 33.03. The Notes on Use (Supplemental), found in 1976 Pocket Part to MAI 33.03, p. 186, read:

"Case law has refined the rules regarding the use of converse instructions with multiple verdict-directing instructions. *The concluding paragraph of Notes on Use is withdrawn and amended to read*:

"When multiple verdict directing instructions submit different theories of recovery a converse instruction may be given for each such verdict directing instruction.

"When multiple parties submit the same theory of recovery or defense but an additional element of proof is necessary to establish such recovery or defense by one or more of such parties, then an

additional converse instruction may be submitted to meet such additional element of proof. Thus if husband and wife join in an action for injury to the husband and consequent loss of consortium to the wife and each submit in separate instructions the same theory of recovery and the verdict directing instruction for the wife includes an additional finding of damage to her, then the defendant or defendants may submit an additional converse to meet the issue of the wife's claim of damage."

On p. 356 of MAI is found the "concluding paragraph of Notes on Use" which, according to the above, "is withdrawn and amended." It reads:

"When plaintiff submits two separate verdict directing instructions, defendant may converse each such submission with any of the approved converse instruction forms. Defendant may give only *one* converse for each verdict directing instruction." [1]

Careful reading of the above quotations from p. 356 of MAI and p. 186 of the 1976 Pocket Part to MAI 33.03 discloses that the giving by defendant Sears of Instruction No. 3 and Instruction No. 7 does not violate any *specific prohibition* contained in either quotation.

Perusal of the appellate decisions dealing with the correctness of converse instructions reveals that a trial attorney contemplating the giving of one is walking into a veritable minefield of potential error.[2]

■ Review of the case law relied upon by plaintiffs must be conducted in light of the following principle. "Any reported opinion should be read in the light of the facts of that particular case, and it would be unfair as well as improper 'to give permanent and controlling effect to casual statements outside the scope of the real inquiry.' " *State v. Miles Laboratories*, 282 S.W.2d 564, 573[12] (Mo. banc 1955).

Of the cases relied on by plaintiffs, five involved situations where the co-plaintiffs were husband and wife and one spouse claimed personal injuries and the other spouse claimed *only* a *derivative* loss. Those cases are *Cragin v. Lobbey*, 537 S.W.2d 193 (Mo.App.1976); *Burrow v. Moyer*, 519 S.W.2d 568 (Mo.App.1975); *Wyatt v. Southwestern Bell Telephone Company*, 514 S.W.2d 366 (Mo.App.1974); *Joggerst v. O'Toole*, 513 S.W.2d 722 (Mo.App.1974); *Scheele v. American Bakeries Company*, 427 S.W.2d 361 (Mo.1968). In that situation, when both spouses submit the same theory of recovery in separate instructions, it is error to give more than one instruction conversing that theory; however, the defendant is entitled to an additional converse instruction which "must be directed and limited to what is necessary to meet" the element of damages contained in the derivative claim. *Wyatt* at p. 370. To similar effect is *Cragin*.

In *Burrow* defendant erroneously sought to converse, by one instruction, both the negligence elements and the damage elements of both verdict-directors. The error lay in covering by one instruction matters which should have been covered by two instructions. In *Joggerst* defendant erred in submitting two converse instructions, each of which conversed the element of negligence which was common to the two verdict-directors. In *Scheele* there were two defendants, one the driver of the vehicle and the other his employer. Agency between the two defendants was conceded so that the jury could properly find only "against both or neither of them." Accordingly it was error for each of the defendants to offer separate converse instructions

---

1. That this paragraph retains at least some degree of vitality is demonstrated by the fact that it appears at p. 191 and p. 192 of the 1976 Pocket Part to MAI, in the Notes on Use under MAI 33.14 and MAI 33.15.

2. Many of the hazards are discussed in 42 Mo. L.Rev. 175, "Converse Instructions Under MAI" by Prof. Elwood L. Thomas. At p. 197 it is said: "It would appear that the harm in allowing some duplication in converse instructions would be more than outweighed by the benefits of a simple rule which would allow each defendant to submit one separate converse instruction for each verdict director submitted against him."

conversing only the negligence element contained in the verdict-directing instruction of the injured spouse. The defendants also erred in giving two converse instructions, each conversing the element of negligence contained in the verdict-director submitting the derivative claim.

In *Murphy v. Land*, 420 S.W.2d 505 (Mo. 1967) and in *Watterson v. Portas*, 466 S.W.2d 129 (Mo.App.1971), also cited by plaintiffs, the claim of an injured child and the derivative claim of his parent were in litigation. In *Murphy* the defendant erroneously submitted two instructions, one conversing all negligence generally and the other, with needless repetition, conversing specific negligence. This was error because the same theory of recovery was submitted on behalf of both plaintiffs. In *Watterson* separate verdict-directors on behalf of the child and his parent submitted the same theory of recovery. The defendant erred in submitting two converse instructions, each conversing the element of negligence in the verdict-director against which it was leveled.

In the foregoing husband-wife and child-parent cases, the party asserting the derivative claim had the burden, as pointed out by MAI 31.04, of proving *that his co-plaintiff was injured* and, *in addition*, that he sustained derivative damage. In those cases the additional element of the derivative claim is susceptible to being conversed by an instruction limited to that element. Such is not the situation in the case at bar.

The four claims in litigation here are mutually independent. Each could succeed or fail without any automatic effect upon the fate of any of the other three. It was not incumbent upon Saveway, in making its case against Sears, to prove that the Barnhills were damaged. It was not incumbent upon the Barnhills to prove that Saveway was damaged. Moreover, neither Saveway nor the Barnhills, in establishing liability on the part of Sears, had the burden of showing that Arvin was also liable. Although

the joinder of the claims and the parties was procedurally permissible, it was not required.

Plaintiffs do *not* claim that either Instruction No. 3 or Instruction No. 7 constituted a misstatement of the law. Their sole complaint is that Instruction No. 7 was repetitious of Instruction No. 3 in conversing the negligence of Sears. Although the fact of such repetition must be conceded, it should be noted that it was achieved by the use of only a few words in a single sentence.

Other authorities relied on by plaintiffs are *Mayberry v. Clarkson Construction Co.*, 482 S.W.2d 721 (Mo.1972); *Nugent v. Hamilton & Son, Inc.*, 417 S.W.2d 939 (Mo.1967); *Brown v. Jones Store*, 493 S.W.2d 39 (Mo. App.1973); and *Royal Indemnity Company v. Schneider*, 485 S.W.2d 452 (Mo.App.1972).

In *Nugent* there was only one plaintiff and he submitted only one verdict-director. The defendant [3] erroneously gave three converse instructions, one conversing several of the elements of negligence, one conversing a specific element of negligence, and the third conversing another specific element of negligence. This was held a violation of the "positive direction" that "only one converse instruction may be given for each verdict-directing instruction."

In *Brown* no instruction error was found, where the plaintiff submitted two separate theories of recovery and the defendant conversed each such submission.

In *Royal Indemnity* there was only one plaintiff but he submitted two theories of recovery, one in contract and one in negligence. On the contract theory the plaintiff submitted one verdict-director against all the defendants. On the negligence theory plaintiff submitted two additional verdict-directors. One of the latter was directed against defendant Schneider and the other was directed against Schneider's alleged principals. Three converse instructions were given. All the defendants joined in

---

**3.** Actually, in *Nugent* there were two defendants, a truck driver and his employer. Apparently agency was not an issue because the two

defendants joined in each of the three converse instructions.

the converse instruction directed against the verdict-director submitting the contract theory. Schneider gave a converse instruction directed against the negligence theory and the other defendants gave a converse against the negligence theory which conversed not only the element of agency but the element of Schneider's negligence. Thus the element of Schneider's negligence had been twice conversed.

The element of agency, in *Royal Indemnity*, was "an additional element of proof . . . necessary to establish" recovery against Schneider's alleged principals. In that situation, in accordance with the language contained in the 1976 Pocket Part to MAI 33.03, p. 186, an additional converse instruction could have been submitted to meet such additional element of proof. This was not done. The additional converse instruction conversed not only agency but also, and unnecessarily, negligence of the alleged agent. No such facts are present here.

In *Mayberry* the co-plaintiffs were husband and wife, but unlike the husband-wife cases discussed previously, *each* spouse asserted a personal injury claim *and* a derivative claim based on the loss of the co-plaintiff's services. In *Mayberry* the defendant committed error, not in submitting too many converse instructions, but in submitting only one. There the instruction was held to be "confusing, misleading and erroneous." It improperly told the jury that plaintiffs were entitled to recover on the three claims (the husband's personal injury claim and both derivative claims) or on none of them. Thus the instruction in *Mayberry* was a misstatement of the law.

It must be conceded that there is language in *Mayberry*, perhaps unnecessary to the decision in that case, which lends support to plaintiff's attack upon the giving of Instruction Nos. 3 and 7. That language, found at p. 726 of *Mayberry*, is:

"*Defendant is limited to tendering one converse in this case* and he may be entitled to tender a general converse, but general converse 33.13 found in MAI, second edition, page 371, obviously cannot be adapted or modified so as to be used where, as here, there are multiple claims by multiple plaintiffs. *There is no MAI general converse instruction applicable to this situation, but MAI 33.02(2) may*, until the court's committee on jury instructions recommends and the court approves another instruction, *be modified to converse every element in a case involving multiple plaintiffs*. It lends itself more readily to accurate modification than does MAI 33.13. See Illustrations, 35.-05, pp. 404–407, Instruction No. 5 (MAI 33.02(2) Modified.)" (Emphasis added)

It must be remembered that in *Mayberry* each plaintiff was asserting a personal injury claim and a derivative claim. The claim of each plaintiff for personal injuries sustained by that plaintiff was independent of the similar claim of the co-plaintiff. In other words it was not an element of the husband's claim for his own personal injuries that he prove that his wife also had sustained personal injuries. Nevertheless the quoted language would indicate the defendant was limited to one converse instruction. There were in fact four claims in *Mayberry*, two primary and two derivative, and if the defendant was limited to one converse instruction in that situation, it would clearly be limited to one converse instruction had it been confronted by *only* the two primary claims, although they were independent of each other.

*Mayberry* was decided in July 1972. By an order entered on December 19, 1972, the supreme court adopted certain "changes in and additions to MAI." The latter included the Notes on Use (Supplemental) found in 1976 Pocket Part to MAI 33.03, p. 186, quoted above. The new language specifically permits "an additional converse to meet the issue" of the damage element asserted by the holder of the derivative claim.

The St. Louis district of this court has pointed out that MAI No. 32.01, relating to contributory negligence, "does not specifically condemn multiple instructions as does MAI 33.01" dealing with converse instructions. *Demko v. H & H Investment Company*, 527 S.W.2d 382, 388[9] (Mo.App.1975).

In *Demko* there was one plaintiff and five defendants. The plaintiff submitted five verdict-directors, one against each defendant. Five converse instructions were given, one on behalf of each defendant. Three of the defendants "gave identical converse instructions, each of which required a verdict for that defendant unless the jury found the defendant 'negligent.'" The court pointed out that the plaintiff had asserted a separate and distinct theory against each defendant. The court held "that where a plaintiff asserts a separate theory of liability against multiple defendants where there is no derivative liability existing among the defendants, and plaintiff submits a separate verdict instruction as to each defendant, then each defendant may submit a separate converse instruction." *Demko*, at p. 388[7].

■ The giving in this case of four converse instructions, to a slight degree tinged with repetitiousness, would seem no more likely to influence unduly or even confuse a jury than would the giving of five converse instructions in *Demko* where the latter procedure was approved. · In the case at bar there were four independent claims. The outcome of any one of those claims had no automatic effect upon the outcome of the other three. This is demonstrated by the fact that the jury received forms for six different verdicts. Each of the four claims could have been the subject of a separate lawsuit. There was no procedural necessity for the joinder of plaintiffs or for the joinder of defendants. The decision to effectuate joinder was a tactical one made solely by the plaintiffs. Neither defendant had any voice in that decision.[4] If the four claims had been asserted in four separate lawsuits, each of the four converse instructions could properly have been leveled against its respective verdict-director. Indeed the refusal to have given them would have been error. The number of lawsuits was a matter over which plaintiffs had control and defendants had none, or at least the defendants were limited to making a request for separate trials.

This court holds that there was no prejudicial error in the giving of Instruction No. 3 and Instruction No. 7. For similar reasons the giving of Instruction No. 5 and Instruction No. 9, submitted by defendant Arvin Industries, Inc., was not prejudicial error.[5] This court also holds that the giving of Instruction Nos. 3, 5, 7 and 9 was not prejudicial error.

■ The second ground on which the trial court based its order granting a new trial was that defendants' counsel improperly injected into the case the fact that the *Barnhills* had insurance which covered the *personal property* which *they* lost by reason of the fire.

---

4. By invoking Rule 66.01(c) a defendant, confronted by a personal injury claim of a married person, may force the joinder or waiver of a derivative claim of the other spouse.

5. Instruction No. 5 read:

INSTRUCTION NO. 5

Your verdict must be for defendant Arvin Industries, Inc. on plaintiff Saveway Oil Co.'s claim for damages unless you believe that defendant Arvin Industries, Inc., was negligent as submitted in Instruction No. 4 and that plaintiff Saveway Oil Co. sustained damage as a direct result thereof.

Instruction No. 9 read:

INSTRUCTION NO. 9

Your verdict must be for defendant Arvin Industries, Inc., on plaintiffs Edgar Barnhill and Nadine Barnhill's claim for damages unless you believe that defendant Arvin Industries, Inc., was negligent as submitted in Instruction No. 8 and that plaintiffs Edgar Barnhill and Nadine Barnhill sustained damage as a direct result thereof.

Saveway's verdict-director against Arvin was Instruction No. 4. Barnhills' verdict-director against Arvin was Instruction No. 8. Instruction No. 4 differed from Instruction No. 2 (Saveway's verdict-director against Sears) in these respects: (1) In each place where Instruction No. 2 used the language "defendant Sears," Instruction No. 4 used "defendant Arvin." (2) Instead of the language contained in paragraph First of Instruction No. 2, Instruction No. 4 used the following: First, defendant Arvin manufactured the heater for sale to the public and, . . .

Instruction No. 8 was the same as Instruction No. 4 except that the names of Edgar Barnhill and Nadine Barnhill were substituted for the name of Saveway in the introductory paragraph and in paragraph Seventh.

This court has reviewed those portions of the transcript which pertain to this ground. No precedential purpose would be served by recounting that evidence. This court has concluded that the trial court did not abuse its discretion in determining that the injection of insurance was improper and was prejudicial to the *Barnhills*. *Halford v. Yandell*, 558 S.W.2d 400 (Mo.App.Spg.Dist. 1977). See *Oventrop v. Bi-State Development Agency*, 521 S.W.2d 488, 492[1–4] (Mo. App.1975).

Accordingly that portion of the trial court's order granting plaintiffs Barnhill a new trial, on all issues, *Olian v. Olian*, 332 Mo. 689, 59 S.W.2d 673, 678[11] (1933); *Whitman v. Carver*, 337 Mo. 1247, 88 S.W.2d 885, 889 (1935), against both defendants is approved.

The evidence underlying the second ground is found in the testimony of Edgar Barnhill on cross-examination by defendants' counsel. In it there is no mention of Saveway or any insurance policy of Saveway. Nothing in that portion creates any inference that Saveway was insured against all or part of their fire loss. In short, there is no basis for the trial court's determination that *Saveway* was prejudiced by the evidence underlying the second ground.

It has been said that "the long established rule has been that one *defendant* cannot complain of error committed against a *co-defendant*. . . . [T]here is an exception (or a corollary) to the foregoing rule to the effect that if the error committed as to one defendant is prejudicial to the rights of the co-defendant then the co-defendant may justifiably complain." (Emphasis added) *Steele v. Yacovelli*, 419 S.W.2d 477, 479 (Mo.App.1967). See also *Dean v. Young*, 396 S.W.2d 549, 558[13] (Mo.1965); *State v. Haid*, 328 Mo. 208, 40 S.W.2d 1048 (1931).

Under Rule 78.01 the trial court had authority to grant a new trial of any issue "upon good cause shown." The trial court also had the power to grant a new trial "to all or any of the parties and on all or part of the issues." Under Rule 84.14 this court has authority to award a new trial or partial new trial, to reverse or affirm the judgment or order of the trial court, or to give such judgment as the court ought to give but the same rule commands that no new trial shall be ordered as to issues in which no error appears.

This court concludes that the matters complained of in the second ground did not prejudice Saveway and that the trial court erred in granting a new trial to Saveway.

That portion of the trial court's order granting plaintiffs Edgar Barnhill and Nadine Barnhill a new trial against both defendants on all issues is affirmed; that portion of the trial court's order granting plaintiff Saveway Oil Company a new trial is reversed and the cause is remanded with instructions to the trial court to enter judgment against plaintiff Saveway Oil Company and in favor of both defendants.

All concur.