Frank BENSCOTER and Larry Benscoter, by and through their natural mother and guardian, Ann Snyder, Plaintiffs-Respondents,

v.

Della WILLIAMS, Defendant-Appellant.

No. 40796.

Missouri Court of Appeals, Eastern District, Division One.

June 3, 1980.

Clinton B. Roberts, V. Kenneth Rohrer, Roberts, Roberts & Rohrer, Farmington, for defendant-appellant.

Larry W. Glenn, Richard L. Hughes, Mogab & Hughes, St. Louis, for plaintiffs-respondents.

SNYDER, Judge.

Plaintiffs Frank and Larry Benscoter, brought this action jointly, by their mother and next friend, against defendant Della Williams for damages for personal injuries sustained by them in an automobile-pedestrian accident on June 7, 1974. A jury returned verdicts for the defendant on both claims. The trial court granted plaintiffs' motion for a new trial on the ground it was error to give two converse instructions to the jury, one for each of the two plaintiffs' verdict directing instructions. The appeal followed. This court reverses, disagreeing with the trial court's finding of instruction error.

Frank and Larry were eleven and nine years of age, respectively, when they were injured by defendant's automobile. The accident occurred on Highway W, a two-lane road between Doe Run and Farmington in St. Francois County. At the time of the accident the boys were standing near the highway; they had moved a foot or two toward the highway after coming out of a ditch which was one-and-one-half feet deep and between five and nine feet from the highway. Both boys and their grandmother, who was observing them from a nearby house, testified that they were hit by the front right corner of defendant's car as she was passing an automobile carrier truck travelling in the opposite direction. Defendant, however, said the boys ran into the side of the car as she passed them.

At the time of the accident, Frank was fifty inches tall and Larry thirty-eight inches. There was disagreement between the parties as to the height of the grass and the weeds near the highway. Plaintiffs' evidence was that the grass had been freshly cut, and that the weeds, one to three feet high, began about two feet from the highway. Defendant said the weeds grew up to the roadway edge and were about waist high.

As a result of the accident, both boys were thrown into the ditch and sustained substantial injuries to their arms. They sued defendant for damages for their injuries, and Frank claimed future damages for a permanent injury to his arm.

Defendant's contention that the court erred in granting a new trial because plaintiffs failed to make a submissible case need not be considered because the verdict for defendant is reinstated for the reasons which follow.

Defendant claims the trial court erred in granting a new trial on the ground that giving two converse instructions [1] to the jury was error. This court agrees.

---

1. The verdict director and converse instructions given by the trial court were as follows:

"Instruction No. 2

Your verdict must be for Plaintiff Frank Benscoter if you believe:

First, Defendant failed to keep a careful lookout, and,

Second, Defendant was thereby negligent, and

Third, as a direct result of such negligence Plaintiff Frank Benscoter sustained damage.

Unless you believe plaintiff is not entitled to recover by reason of Instruction No. 4.

. . .

MAI 17.05 and 11.03 (verdict director) (submitted by Plaintiffs)"

"Instruction No. 3

Your verdict must be for Plaintiff Larry Benscoter if you believe:

First, Defendant failed to keep a careful lookout, and

Second, Defendant was thereby negligent, and

Third, as a direct result of such negligence, Plaintiff Larry Benscoter sustained damage.

Unless you believe Plaintiff is not entitled to recover by reason of Instruction No. 5.

. . .

First, appellant correctly argues that this case is similar to the case of *Saveway Oil Co. v. Sears, Roebuck & Co.*, 560 S.W.2d 325 (Mo.App.1977) in which the giving of a converse instruction for each of plaintiffs' four verdict directors was approved.

In *Saveway* two different plaintiffs, the Barnhills, who were tenants, and Saveway Oil, the owners of the leased premises, sued defendants Sears and Arvin Industries, Inc. for negligence in failing to warn of dangers in the use of an electric space heater, which was the cause of a fire on the premises. Each plaintiff submitted a separate, but similar verdict director against Sears, and Sears conversed each verdict director. On appeal, the court upheld the giving of the two converse instructions, and recognized a distinction between *Saveway, supra,* and those cases involving a derivative loss:

"In the foregoing husband-wife and child-parent cases, the party asserting the derivative claim had the burden, as pointed out by MAI 31.04, of proving *that his co-plaintiff was injured* and, *in addition,* that he sustained derivative damage. In those cases the additional element of the derivative claim is susceptible to being conversed by an instruction limited to that element. Such is not the situation in the case at bar.

The four claims in litigation here are mutually independent. Each could succeed or fail without any automatic effect upon the fate of any of the other three. It was not incumbent upon Saveway, in making its case against Sears, to prove that the Barnhills were damaged. It was not incumbent upon the Barnhills to prove that Saveway was damaged. . . . [Court's own emphasis.]"

*Saveway, supra,* 329.

The court in *Saveway* later elaborated on the separate nature of the claims:

"Each of the four claims could have been the subject of a separate lawsuit. There was no procedural necessity for the joinder of plaintiffs or for the joinder of defendants. The decision to effectuate joinder was a tactical one made solely by the plaintiffs. Neither defendant had any voice in that decision. If the four claims had been asserted in four separate lawsuits, each of the four converse instructions could properly have been leveled against its respective verdict-director."

*Saveway, supra,* 331[3], footnote omitted.

Similar facts and procedural options existed here. A disposition as to Frank would not affect Larry's claim and vice versa. It is possible, although admittedly not probable, that the jury could have found for one of the plaintiffs and not the other under the facts of the case. There was a difference of one foot in the heights of the boys. There was conflicting testimony as to the height of the weeds along the roadside.

Plaintiffs seek to distinguish *Saveway* on the basis that the damages sustained by the two plaintiffs were of a different nature; Saveway Oil claimed damage to its building and loss of rentals; the Barnhills sustained losses of personal property and business profits. Nowhere in the *Saveway* opinion is any significance attributed to this fact, but it may be noted that there was a difference in the nature of the damages here also. One plaintiff claimed future damages for permanent injuries and the other did not. The court in *Saveway* held that the claims were separate, and that separate converses should be allowed. The same reasoning applies to the case at bar.

Further, the MAI Notes on Use for converse instructions justify the submission of

MAI 17.05 and 11.03 modified (verdict director) (submitted by Plaintiffs)"
"Instruction No. 6
Your verdict must be for Defendant, upon Plaintiff Frank Benscoter's claim, unless you believe each proposition submitted to you in Instruction No. 2.
MAI 33.13 modified (converse instruction) (submitted by Defendant)"

"Instruction No. 7
Your verdict must be for Defendant upon Plaintiff Larry Benscoter's claim, unless you believe each proposition submitted to you in Instruction No. 3.
MAI 33.13 modified (converse instruction) (submitted by Defendant)"

the two instructions. Both converse instructions were modified versions of MAI 33.13 which defendant was permitted to use. The Notes on Use for MAI 33.13 include the following direction: "Defendant may give only one converse for each verdict directing instruction." The Notes on Use for both MAI 33.14 and MAI 33.15 state clearly that a defendant may converse each of two separate verdict directing instructions with any of the approved converse instruction forms, which would include MAI 33.13.

However, the Notes on Use for other converse instructions, MAI 33.02, MAI 33.03 and MAI 33.04, contain language which could be interpreted to permit multiple converse instructions only when the multiple verdict directing instructions submit different theories of recovery. The Notes on Use for each converse contain the following paragraphs:

"When multiple verdict directing instructions submit different theories of recovery a converse instruction may be given for each such verdict directing instruction.

When multiple parties submit the same theory of recovery or defense but an additional element of proof is necessary to establish such recovery or defense by one or more of such parties, then an additional converse instruction may be submitted to meet such additional element of proof. Thus if husband and wife join in an action for injury to the husband and consequent loss of consortium to the wife and each submit in separate instructions the same theory of recovery and the verdict directing instruction for wife includes an additional finding of damage to her, then the defendant or defendants may submit an additional converse to meet the issue of the wife's claim of damage."

An en banc case from the Eastern District of the Missouri Court of Appeals sheds some light on what is meant by "different theories of recovery." *Demko v. H&H Investment Company,* 527 S.W.2d 382 (Mo. App.1975). In *Demko* the court permitted each of the five defendants to submit a separate converse to plaintiff's five separate verdict directing instructions. Professor Elwood L. Thomas in his article entitled, *Converse Instructions Under MAI,* 42 Mo.L. Rev. 175, 196 (1977) says that, "*Demko* should make it clear that several verdict directors containing similar language but referring to the conduct or damages of different persons are not 'common theories of recovery.'" To be sure, in *Demko* there were multiple defendants rather than multiple plaintiffs and the verdict directing instructions contained different specifications of negligence, except as to two of the defendants. But the verdict directing instructions in the case under review referred to the damages of different persons and so could be held to be based on different theories of recovery.

The situation here is close to the fine line between what is and what is not error in the giving of multiple converse instructions. The purpose of jury instructions is to inform the jury on the law of the case. Here because the facts as to each plaintiff varied, it is reasonable to say that the defendant should be permitted to inform the jury separately as to each plaintiff that they could find for the defendant if the propositions advanced by that individual plaintiff were not proved. Thus, it was not error to give a converse instruction for each verdict director submitted by plaintiffs.

Plaintiffs cite *Murphy v. Land,* 420 S.W.2d 505 (Mo.1967) and *Wyatt v. Southwestern Bell Telephone Company,* 514 S.W.2d 366 (Mo.App.1974). These cases are distinguishable because they involve an injury to only one party and a derivative claim by another for parents' medical expenses and loss of consortium. In such a case, the outcome of the derivative action would depend upon the disposition of the personal injury action, both parties suing for damages for the same injury. The two claims would be identical, except for the element of derivative damages, for which a separate converse limited to that point is allowed in the Notes on Use, MAI 33.02, MAI 33.03 and MAI 33.04.

Further, in *Murphy v. Land, supra,* the two converse instructions given, one a humanitarian converse and the other a converse of all negligence generally, were not restricted to finding for the defendant as to one plaintiff or the other; instead, both converse instructions said the jury's verdict must be for the defendant as to both plaintiffs.

Plaintiffs also cite *Brown v. Jones Store,* 493 S.W.2d 39 (Mo.App.1973). The court in *Brown,* addressing the issue of two converse instructions, permitted two to be given because there were plainly two separate theories of recovery submitted by the plaintiff, false arrest and malicious prosecution. Dicta in the *Brown* case stated that the rule that only one converse instruction may be given for each verdict directing instruction also limits a defendant to one converse of multiple verdict directing instructions which are the same except for designation of the plaintiff and submit the same theory of recovery as in a claim for loss of services. As authority for this statement, the court quotes, *Murphy v. Land, supra,* again a derivative liability case clearly distinguishable from the case under review.

When a motion for a new trial is granted by the trial court on specific grounds, the court is presumed to have denied the motion as to any other grounds included in the motion. Plaintiffs, as respondents here, may seek to justify the granting of a new trial motion on the other grounds in the motion not specified by the trial court. *State ex rel. Sturm v. Allison,* 384 S.W.2d 544, 547[3] (Mo. banc 1964); *Ernst v. Emerick,* 525 S.W.2d 573, 575[2, 3] (Mo.App.1975). They have done so here.

Plaintiffs assert the trial court erred in not sustaining their motion for a new trial on the ground that Venireman Wade, whose father was a claims manager for the insurer in this case, was not stricken for cause. Plaintiffs' counsel did not ask Mr. Wade any questions to determine any possible bias because counsel did not want to highlight the insurance aspect of the case; however, he did ask generally if any jurors felt they could not be fair and impartial to both sides, and Mr. Wade did not respond.

The trial court may determine the competency of jurors, and the court's discretion will not be disturbed on appeal unless the discretion has been abused. *State v. Allen,* 485 S.W.2d 28, 31[2] (Mo.1972); *Strahl v. Turner,* 310 S.W.2d 833, 841[12] (Mo.1958).

In *Calhoun v. McMahan,* 257 S.W.2d 205 (Mo.App.1953) it was held that the trial court did not err in refusing to strike for cause the son of the insurance agent who investigated the accident in question, when the juror-son said he could be fair and impartial. A similar holding applies here with equal force. There was no abuse of discretion. Plaintiffs' claim is without merit.

Plaintiffs also claim that the motion for a new trial was justified because the trial court erred in excluding from evidence the testimony of George Bockwinkel, who appeared pursuant to a subpoena directed to the custodian of records of the State Highway Commission. Mr. Bockwinkel was called to authenticate records showing the width of the highway right-of-way at the point where plaintiffs were injured, and the state regulations concerning the frequency of cutting the grass on highway rights-of-way. Defendant objected, stating that plaintiffs had not disclosed Mr. Bockwinkel's name to her, and had thus failed to answer sufficiently her Interrogatory No. 14 which requested the names and addresses of "all persons known to you or your representatives who have or claim to have knowledge of any discoverable evidence or information concerning your cause of action." The court sustained defendant's objection, giving as its reason the fact that plaintiffs had not told defendant that a person from the State Highway Department would testify concerning maintenance of the right-of-way. Plaintiffs explained they did not know the name of the witness when they subpoenaed the records and made an offer of proof to the effect that the Highway W right-of-way there extended 20 feet from the center line, and "[t]hat the Highway Department's regulations pro-

vide that the right-of-way be cut as often as necessary to keep grass and weeds at a height of less than 12 inches."

■■ It was not error to exclude witness Bockwinkel's testimony, not because of plaintiffs' failure to answer Interrogatory No. 14, but because the evidence offered to be proved by plaintiffs was not relevant and of minimum materiality. In his offer of proof counsel admitted the witness had no specific knowledge of the incident or the scene. Any testimony proving highway department regulations was not relevant because, although the regulations were on the books, they were not self-enforcing. Their existence does not prove or disprove actual practices or the height of the grass and weeds along Highway W at the time and place of the accident. The width of the right-of-way likewise was not relevant to the height of the vegetation. Neither was it probative evidence of the location of plaintiffs themselves, or defendant's automobile at the time of the accident. Correct trial court decisions on the admission or exclusion of evidence will not be found erroneous because the trial court gave the wrong reason for its ruling. *Sampson v. Missouri Pacific R. Co.*, 560 S.W.2d 573, 586[18–19] (Mo. banc 1978).

The judgment is reversed and the cause remanded with directions to the trial court to enter judgment on the jury verdict for appellant.

KELLY, P. J., and STEWART, J., concur.